CHARLES C. CLARK, Contestant, Appellant, v. GEORGE
S. TRACY, Incumbent.

**County Attorney.** The office of county attorney is a county office.
1 *State v. Kovolsky,* 92 Iowa, 498.

**Filing Statement of Contest: PRACTICE.** Code, section 697, requiring
2 statement of contest in the case of an election to a county office
to be filed within twenty days after the votes are canvassed, does
not refer to the canvass of the result by the judges of election,
3 required by section 622, but to the canvass of the returns by the
board of supervisors, required by section 635.

*Appeal from Des Moines District Court.*—HON. JAMES
D. SMYTHE, Judge.

THURSDAY, OCTOBER 3, 1895.

These parties were candidates for the office of
county attorney for Des Moines county, and votes were
cast for each at the general election held November 6,
1894. November 12, 1894, the board of supervisors, sit-
ting as a board of canvassers, declared incumbent duly
elected. November 28, 1894, contestant filed his state-
ment of contest with the county auditor, and a court
of contest was duly organized, and convened Decem-
ber 18, 1894. Incumbent filed a motion to dismiss the
proceedings upon the grounds that the statement of
contest was not filed with the proper officer nor within
the time required. This motion was sustained by the
court of contest, and contestant appealed to the dis-
trict court, where the motion was renewed, submitted,
and sustained, and contestant appeals to this court.—
*Reversed.*

*C. L. Poor* and *John J. Seerley* for appellant.

*S. K. Tracy* for appellee.

Given, C. J.—I. If the office of county attorney is a county office, the statement of contest was filed with the proper officer. Code, section 697. In the recent case of *State v. Kovolosky,* 92 Iowa, 498 [61 N.W. Rep. 223], this court held that it is a county office. It is insisted on behalf of incumbent that what is there said on that subject is *dicta,* and that the case was decided upon the authority of former rulings that the signature of the prosecuting officer to an indictment was not essential. The question under consideration was made and fully considered in that case, and we are content with the conclusion announced. That an additional reason was given for affirming does not lessen the force of the reasoning and conclusion on this question.

II. Section 697 of the Code requires that the statement of contest be filed "within twenty days after the day when the votes were canvassed." In this case it was not filed within twenty days after the day when the judges of election made their canvass, but was filed within twenty days after the day the board of supervisors made their canvass. The contention is as to which of these canvasses section 697 relates, incumbent contending that it is only the judges of election who canvass the vote, and that the county and state boards canvass the returns. Section 622 of the Code says that the judges "shall proceed to canvass and ascertain the result of the election." Section 633 directs that it shall be by comparing and correcting the poll lists, and sections following direct as to ballots to be rejected, and the return to be made to the auditor of the county. Section 635 provides that the board of supervisors "shall open and canvass the returns." It requires that they make abstracts stating "the number of ballots cast in the county for each office, the name of each person voted for, and the number

of votes given to each person for each different office."
It will be observed that it is not said in terms as to
either the judges or the supervisors that they are to
canvass the votes.   In the Standard Dictionary the fol-
lowing definitions are given of the word "canvass;"
"To examine searchingly; ascertain the number or the
facts concerning each, going over in detail; scrutinize,
sift,—as to canvass the prospective vote in an election;
canvassing the vote cast.   An official scrutiny, as a
canvass of votes at an election."   The judges ascertain
the number of votes cast in their township or precinct
by making a tally sheet from the ballots.   This is
unquestionably canvassing the vote, but their canvass
does not determine the result as to state, district, or
county offices.   The board of supervisors ascertain the
number of votes cast in the county by making the
abstracts required by section 635 from the returns.   It
is "the number of ballots cast in the county for each
office" that they are required to ascertain by "official
scrutiny."   It is this board that ascertains the person
having the greatest number of votes for any county
office, and that declares who is elected.   Under section
647 the board of state canvassers "canvasses the vote"
from the abstracts returned by the county board.   We
think it entirely clear that each of these canvasses is a
canvass of the votes, and that the fact that the canvass
of the county and state boards is made from returns
renders them none the less a canvass of the votes.   This
being true, we inquire, to which of these canvasses does
section 697 refer?   The proceeding of contest is by one
who claims to be elected against one who has been
declared elected, therefore it cannot be instituted until
it is known who is the incumbent.   In the case of
county offices it is not until the canvass of the votes is
made by the county board that the result can be offi-
cially known, and in the case of district and state offices

not until the state board has made its canvass of the votes, and declared the result. Neither canvass is any more a canvass of the votes than the other, and, having in view the purpose of the statute providing the mode of contesting elections, it is certainly clear that the intention of the general assembly is that the statement of contest must be filed within twenty days after the day when the canvass of the votes was made that determined the result as to the particular office in question. There is nothing in the statute demanding a different construction, and this view of it renders it, as a whole, consistent and harmonious, while to hold otherwise must lead to uncertainty and confusion. See *Ferguson v. Henry*, 95 Iowa, *post* [64 N. W. Rep. 292]. Our conclusion is that the district court erred in sustaining incumbent's motion, and its judgment is therefore *reversed*.