THE STATE OF IOWA, Appellee, v. HENRY KREDER,
Appellant.

1. **Criminal Law**: WITNESSES: NOTICE BY STATE. A notice to the
defendant in a criminal cause that the state will upon the trial pro-
duce certain witnesses named, not before the grand jury, by whom it
expects to prove the offense charged in the indictment, is not such a
notice as is required by section 4421 of the Code, providing that the
notice in such cases shall give the substance of what it is expected
to prove by the witnesses named upon the trial.

2. ———: ———: ———. The admission of the evidence of such
witnesses without proper notice is sufficient ground for reversal, upon
the appeal of the defendant, although, in the opinion of the court,
the evidence offered before objection raised to said notice, was suffi-
cient to justify a verdict for the state.

*Appeal from Harrison District Court.*—HON. G. W.
WAKEFIELD, Judge.

SATURDAY, MAY 28, 1892.

THE defendant was accused and found guilty of the
crime of nuisance committed by keeping for sale, in a
building he controlled, intoxicating liquors in violation
of law. From a judgment requiring him to pay a fine
of four hundred dollars and costs he appeals.—*Reversed.*

*S. H. Cochran,* for appellant.

*John Y. Stone,* Attorney General, and *John A.
Berry,* County Attorney, for the State.

ROBINSON, C. J.—I. The only witnesses intro-
duced by the state on the trial in the district court
were six, none of whom had been exam-
ined before the grand jury. Section
4421 of the Code provides that the county
attorney, in offering evidence to support the indictment,

shall not be permitted to introduce any witness who was not examined before the grand jury, and the minutes of whose testimony were not taken by the clerk of the grand jury, and presented with the indictment to the court, "unless he shall have given to the defendant a notice in writing, stating the name, place of residence, and occupation of such witness, and the substance of what he expects to prove by him on the trial, at least four days before the commencement of such trial." The state served the defendant with a notice in regard to the testimony of the six witnesses which it introduced, the body of which is as follows: "You are hereby notified that on the trial of this cause the state of Iowa will introduce the following witnesses not before the grand jury. I expect to prove by said witnesses that the nuisance has been kept and maintained by you as charged in the indictment."

The notice provided for by the statute is designed to inform the accused of the evidence which the witness described will give on the trial, that the accused may investigate and prepare to meet it. *State v. Rains-barger*, 74 Iowa, 201. A notice to the effect that the state will prove by the witness that the defendant is guilty as charged does not meet the statutory requirement. All witnesses for the state whose testimony is admissible must testify to something which will tend to sustain or controvert the charge contained in the indictment, and as it is not usual for the state to prove the innocence of the accused, in the absence of a showing to the contrary, it will be presumed that the testimony which the state proposes to offer will tend to establish his guilt. Therefore that part of the notice in question which informed the defendant that the state would prove by the witnesses named that he had maintained the nuisance as charged really added nothing to the information contained in the notice without it. But the statute requires that the substance of what the state

expects to prove by the witness be stated. That provision refers to the matter to which the witness is expected to testify, and not to its legal effect. If the notice in this case was sufficient, the requirement that such a notice shall state the substance of the testimony to be given is without force. The rule of interpretation, as applied to statutes, requires that effect be given to every part of them when that can be done; and as it is not only practicable, but most reasonable, to apply that rule to the statute under consideration, we must hold that the notice in question was not sufficient, and that the witnesses therein named should not have been permitted to testify against the objection of defendant.

II. It is contended on behalf of the state that, if the ruling of the district court in permitting the witnesses named in the notice to testify was erroneous, no prejudice to the defendant resulted therefrom, for the reason that the evidence submitted on the part of the defendant, especially when considered with some testimony given by one of the witnesses for the state before objection was made, was sufficient to justify a verdict for the state. That may be true, but we cannot say that the jury must necessarily have found the defendant guilty, had they considered the evidence properly admitted only; and, as much the larger part of the evidence which tended to show that the defendant was guilty was erroneously admitted, we have concluded that a new trial must be granted.

Other questions discussed by counsel are not likely to arise on another trial, and need not be determined. For the errors stated the judgment of the district court is REVERSED.