STATE OF IOWA V. JESSE HARLAN, Appellant.

**Criminal Law:** NOTICE OF TESTIMONY. Under Code, section 4421, requiring that in criminal cases notice shall be given to the defendant of the introduction of witnesses not examined before the grand jury, stating the substance of what it is intended to prove by them, a notice reciting that certain persons would be introduced, and that it was expected to be proved by each of said witnesses that they were present when defendant was arrested, and saw what he did and heard what he said, was sufficient to render admissible the testimony of such witnesses as to statements made by the defendant at the time of his arrest.

**Rape—Evidence:** REVIEW. On trial for rape the fact of intercourse was proved, and the prosecutrix testified positively that defendant forced her into the bed where his wife was lying, and by threats, and by brandishing a knife, accomplished his designs by force and terror which she was utterly unable to resist. Other evidence tended to corroborate the prosecutrix. *Held*, that the evidence was sufficient to support a verdict of guilty.

*Appeal from Keokuk District Court.*—HON. DAVID RYAN, Judge.

FRIDAY, MAY 22, 1896,

INDICTMENT for rape. Verdict of guilty, and sentence of twenty-five years in the penitentiary. Defendant appeals.—*Affirmed.*

*Hamilton & Donahue* for appellant.     -

*Milton Remley*, attorney general, *Jesse A. Miller*, and *F. L. Goldner*, county attorney, for the state.

ROTHROCK, C. J.—I.   It appears that the defendant was arrested within a short time after the alleged crime was committed.   Several persons were present when the arrest was made, and the cause of the arrest was the subject of a conversation in which the defendant participated.   The persons who were present at that time were not examined as witnesses before the grand jury, and their names did not appear on the back of the indictment.   The attorney for the prosecution caused a notice to be served on the defendant within the proper time, in which notice it was stated that "Clark Cook, Hedrick, Iowa, town marshal; Wm. De Armored, Hedrick, Iowa, mechanic; and J. W. Jones, Hedrick, Iowa, mechanic," would be introduced and examined as witnesses on the trial against the defendant, and that it was expected to be proved by each of said witnesses, in substance, "that they were present when you [the defendant] were arrested in this cause, saw what you did, and heard what you said."   When the witnesses were produced they were sworn, and they testified to statements made by the defendant when he was arrested which were in the nature of admissions against himself, and which might fairly be considered by the jury in determining his guilt.   The defendant made timely objections to the examination of the witnesses on the ground that the notice served upon the defendant was insufficient because it did not state the substance of what the prosecution expected to prove by the witnesses, as required by section 4421 of the Code.   The objection to the examination of the witnesses was overruled,

and an exception was taken to the ruling. It is urged
in behalf of the defendant that this ruling of the court
was reversible error. Section 4293 of the Code, which
requires that the minutes of the testimony of the wit-
nesses upon which an indictment has been found
must be returned with the indictment, and the
provision of section 4421, requiring notice to be
given of the introduction and examination of wit-
nesses not examined before the grand jury, are
for the purpose of imparting to the accused
such knowledge of the evidence which will be
given against him as will enable him to make proper
preparations to contradict or explain it. *State v.
Rainsbarger*, 74 Iowa, 196 (37 N. W. Rep. 153). Not-
withstanding this is the purpose and object of the
statute, it was long since determined by this court
that the witnesses who were examined before the
grand jury, and the minutes of whose testimony were
returned with the indictment, may be examined on
other questions of fact in the case than those stated
in the minutes of the testimony returned with the
indictment. *State v. Bowers*, 17 Iowa, 46; *State v.
Ostrander*, 18 Iowa, 435; *State v. McCoy*, 20 Iowa, 262.
And the same rule has been adopted with reference to
the notice given of the examination of witnesses who
were not examined before the grand jury; that is, the
examination is not to be limited to the matters stated
in the notice. *State v. Craig*, 78 Iowa, 637 (43 N. W.
Rep. 462). And see *State v. Yetzer*, 97 Iowa, 423 (66
N. W. Rep. 737). It was held in the case of *State v.
Kreder*, 86 Iowa, 25 (52 N. W. Rep. 658), that a notice
of the introduction of witnesses, which stated that it
was expected to prove by said witnesses "that the
nuisance has been kept and maintained by you,
as charged in the indictment," did not state facts
sufficient to entitle the state to examine the wit-
nesses on the trial of the case. In that case

there was not even an attempt to give the defendant notice of time, place or circumstance which would enable him to discover what was expected to be proven by the witnesses. The notice in this case is somewhat different. It surely was not necessary to state the time or place of the arrest. And the attention of the defendant was directed to what he did and said on that occasion. It is true, that the language and character of the acts are not set out in the notice. But there is sufficient to direct the defendant's attention to them, and to enable him to produce other witnesses, if any, who were present, to explain his acts and what he said, or to contradict the witnesses for the state, if they did not testify truthfully. As is said in *State v. Rainsbarger, supra*: "If the state was required to produce evidence conforming in every important particular to the notice, the statute would defeat justice when a non-compliance in unimportant matters would not prejudice the rights of the accused." In view of the construction which this court apparently was compelled to give to both of the sections of the Code herein considered, in order that the administration of justice might be maintained and not defeated, we think the district court did not err in overruling the objection to the examination of the witnesses.

II. The defendant is a married man, and resided at the little village of Hedrick. His wife was far advanced in pregnancy. He went into the country, three miles from the village, and hired the prosecuting witness to do housework for him during his wife's approaching illness. She was a girl aged nineteen years. She worked for him about one week, when, after his wife retired to bed, late at night, he and the prosecuting witness got into the same bed,- the wife next to the wall, and the prosecuting witness next to her, and the defendant in front. While in this

situation the defendant had sexual intercourse with the prosecutrix three times during the night. These facts are really not in dispute. The only controversy is whether the criminal act was done by the defendant by force, and against the will of the girl. She testified in the most positive terms that he forced her to and into the bed by seizing hold of her and pushing, and by threats and brandishing a large knife, and that he accomplished his designs by force and terror which she was utterly unable to resist. On the next morning after the occurrence the wife took poison, and it was thought during the day that she would die. But she recovered, and was delivered of a child in a few days afterward. The taking of the poison and her sickness caused a number of neighbors to visit and remain at the house during the day. These persons were examined as witnesses, as well as those present when the defendant was arrest, and we think that the claim of counsel that the verdict was not supported by the evidence is not well taken. Objections are made to the charge to the jury, and to rulings on the evidence, which we do not think demanded special consideration. We discover no error, and the judgment of the district court is AFFIRMED.