99    5
133    401
99    5
f135  . 42

---

STATE OF IOWA V. ADOLPH BERNSTEIN, *et al.*, Appellants.

**Evidence of Minority:** COMPETENCY. A witness may testify that he
.4   believed from the appearance of certain persons to whom defendant sold intoxicating liquors, that they were minors, although he does not know their ages—especially where they lack several years of their majority.

**Examination of Witness:** EVIDENCE BEFORE GRAND JURY AND AT
1   TRIAL. The testimony of a witness on a criminal trial need not be confined to questions of fact, set out or referred to, in the minutes of his testimony taken before the grand jury, but may refer to new matter.

OBJECTION CONSTRUED. One Jesse Edgington testified, while the
2   record shows that A. A. Edgington was before the grand jury.
3   After he had given some important testimony, the defense moved to strike it out because "no notice was given of such testimony, the witness did not so testify before the grand jury." *Held*, in view of the fact that it was the theory of the defense that a witness before the grand jury must on trial be confined to matters gone into by him before the grand jury, the objection made is not based on the ground that the witness was not examined before the grand jury.

**Objection Below.** An objection that a witness on a criminal trial, was
3   not examined before the grand jury, cannot be first taken on appeal.

*Appeal from Marshall District Court.*—HON. B. P. BIRD-
SALL, Judge.

THURSDAY, OCTOBER 8, 1896.

THE defendants, Adolph Bernstein and Charles
Bernstein, were convicted of the crime of nuisance,
committed by maintaining a place in which they kept
for sale, and sold, in violation of the law, intoxicating
liquors. From a judgment, which required each of
them to pay a fine of three hundred and fifty dollars
and costs, they appeal.—*Affirmed.*

*Anthony C. Daly* and *Theo. F. Bradford* for appel-
lants.

*Milton Remley*, attorney general, and *Jesse A. Mil-
ler* for the state.

ROBINSON, J.—I. Several witnesses who were
examined before the grand jury, and whose names
were indorsed on the indictment, were permitted to
testify in regard to occurrences which were not men-
tioned in the minutes of their testimony, which were
returned with the indictment, and of that the appel-
lants complain. It is not disputed that they kept for
sale and sold intoxicating liquors within the time
covered by the indictment, but they claim that what
they did was authorized by proceedings had by virtue
of chapter 62 of the Acts of the Twenty-fifth General
Assembly. The proof tends to show that they were
authorized to act under that statute, but the state
offered evidence to show that minors, drunkards and
persons intoxicated, were allowed in the room where
the business in question was carried on, and that sales
of intoxicating liquors were made to such persons,
and to one or more persons who had taken a cure for

drunkenness.   J. B. Grandon is one of the witnesses
for the state, to whose testimony given on the trial,
the defendants object because it was more extended
than the minutes of his testimony returned with the
indictment.   The minutes contain much more than
the appellants admit in argument, and show that the
witness stated before the grand jury that he knew of
sales of liquor to minors; that he had taken the
Keeley cure; that he had purchased beer in the saloon
of the defendants; that he told them before the pur-
chase was made that he had taken the Keeley cure;
and that his son, fourteen years of age, bought beer of
the defendants during the previous week.   On the
trial the witness was permitted to testify that the
defendants sold whisky in their place of business;
that he recognized defendants as the ones who were
behind the bar; that he had purchased whisky in that
place three times; and that he saw a minor named
John Waldo there buying whisky.   This testimony,
and much more of a similar character, was objected
to by the defendants for the reason that no reference
to the matters to which it related was contained in the
minutes of the testimony of the witness, given
before the grand jury. It has been frequently held
by this court, and is the well-settled rule, that the
testimony of a witness on the trial of a person accused
of a crime need not be confined to questions of fact
set out or referred to in the minutes of his testimony,
taken before the grand jury, but may refer to new
matter.   *State v. Harlan,* 98 Iowa, 458 (67 N. W. Rep.
382); *State v. McCoy,* 20 Iowa, 262; *State v. Ostrander,* 18
Iowa, 456; *State v. Bowers,* 17 Iowa, 49.   We do not find
anything in the testimony of Grandon nor of any other
witness, the minutes of whose testimony before the
grand jury were returned with the indictment, which
was not fully authorized by the rule stated.

II.  A witness, whose name is given in the record as Jesse Edgington, was permitted to testify.  After he had given some testimony of an important character, the defendants objected to it, and moved to strike it out, on the ground that "no notice was given of any such testimony; witness did not testify so before the grand jury."  A continuance was asked, in case the testimony was received.  The objection and motion were overruled, the request for a continuance was denied, and the witness was permitted to testify at length.  At the close of his testimony, the defendants moved to strike out portions of it, stating as a reason as follows:  "No notice given of such testimony; the witness did not so testify before the grand jury; and we ask for a continuance if testimony is to be admitted, for that reason."  The motion was overruled, and a continuance was not granted. The name, "Jesse Edgington," was not indorsed on the indictment, and the minutes of his testimony were not returned with it, but the name, "A. A. Edgington," was so indorsed, and minutes of his testimony were so returned.  The defendants now contend that the witness was not before the grand jury, and that his testimony should not have been received.  It is insisted, on the part of the state, that the witness was really A. A. Edgington, and that the giving of his first name as "Jesse" is a clerical error.  If the name indorsed on the indictment, and the minutes returned with it, are alone considered, it would appear that the claim of the appellants is well founded, and there is no direct evidence that the witness was A. A. Edgington, but that his first name was Jesse.  We are strongly inclined to the opinion, however, that the claim of the state is well founded.  One Ferneau testified that he saw Jesse Edgington in the saloon of the defendants, buying beer, and that he was from eighteen to twenty years of age.  The witness whose name is given as Jesse

Edgington, testified that he had been in the saloon with his boy, who was nineteen years of age, and had given him money, with which he had purchased beer, which the witness drank. One of the instructions asked by the defendants, referred to "the testimony of witness Edgington," and to his procuring liquor "through his minor son, nineteen years of age." These facts do not show that the witness Edgington was the one who testified before the grand jury, but it is important to consider them in connection with the form of the objections made to his testimony, and the claim made for the state. It will be noticed that neither objection stated that the witness had not testified before the grand jury, but that he "did not so testify." It is true, that the objection states that no notice was given of the testimony, but that objection was made to the testimony of witnesses who are shown beyond question to have been before the grand jury; and it was in harmony with the theory of the appellants that the testimony of a witness examined before the grand jury must be confined to the matters disclosed by the minutes of the testimony so given. We conclude that the objections made by the defendants were not based on the ground that the witness was not examined before the grand jury, and that it was not claimed in the district court that he was not so examined. That being the case, the objection cannot be successfully urged here. *State v. Houston,* 50 Iowa, 512; *Ray v. State,* 1 G. Greene, 318. There was no showing of surprise caused by the testimony in question, and we are of the opinion that it was properly received.

III. Witnesses testified that they saw minors purchase intoxicating liquor in the saloon of the defendants. Some of the witnesses did not know the ages of such persons, but believed from their appearance that they were minors. The defendants asked

instructions to the effect that the testimony of that character should be disregarded, and complain because they were refused. The district court was right in refusing them. The age of a minor may be known approximately from his general appearance, and, if he lack several years of his majority, the fact that he is a minor may be so ascertained with absolute certainty. If he have nearly attained his majority, it may be more difficult to decide from appearance that he is a minor. In this case some of the witnesses testified to having seen sales of intoxicating liquors made in the defendants' saloon to boys who were not more than fifteen years of age. Testimony to that effect was competent, and its value was for the jury to determine. We do not find any ground upon which the judgment of the district can be disturbed. The defendants were given a fair trial; the evidence of their guilt is ample, and the judgment is AFFIRMED.