STATE OF IOWA v. WALTER ANDERSON, Appellant.

**Rape:** PROOF OF IMMATERIAL ALLEGATIONS. In a prosecution for rape upon a child twelve years of age, the formal allegation in the indictment that the crime was committed "with force and arms," need not be proven.

**Production of witnesses:** UNCERTAINTY IN NOTICE. Where a witness who was not before the grand jury is produced on notice and testifies, an inaccuracy in the notice as to name, occupation, or place of residence which is not prejudicial will not require a reversal of the cause. The error in the instant case is held to have been without prejudice.

**Exclusion of evidence.** Error in excluding the testimony of a witness called for impeachment purposes, that he had given a letter of recommendation to the witness sought to be impeached, was cured by subsequently permitting a statement of the contents of the letter.

*Appeal from Wapello District Court.*— HON. ROBERT SLOAN, Judge.

THURSDAY, OCTOBER 27, 1904.

DEFENDANT was convicted of rape, and sentenced to imprisonment in the penitentiary for sixteen years, and appeals.— *Affirmed.*

*Jaques & Jaques* and *N. E. Kendall,* for appellant.

*Chas W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

McCLAIN, J.— I.  The indictment charged that the
defendant committed the crime with force and arms in and
upon a female child twelve years of age.  An objection
raised by counsel for defendant in various
ways is that, where it is alleged in the indict-
ment that the act was committed with force
and arms, it must be so proven, although the female is
alleged and shown to have been under the age of consent, so
that no allegation as to force and arms or want of consent is
necessary.  In support of this contention counsel has cited
many decisions of this and other courts supporting the rule
that, although the indictment is unnecessarily particular in
a matter of description, such matter of description must be
proven in all its particularity, unless the entire allegation
in which the particular description is contained can be
rejected as surplusage.  Such a rule has frequently been
applied as to descriptive allegations with reference to place
and person, but no case is called to our attention in which
it has been applied so as to require proof of the formal
allegation that an act has been committed with force and
arms, when that is not an essential element of the crime
charged.  Suppose that the offense for which it was sought
to convict the defendant was that of assault with intent to
commit murder by the administration of poison, and that
act was alleged to have been done with force and arms,
could it be reasonably contended that the charge could not
be supported by proof of the administration of poison with-
out the knowledge of the party alleged to have been assaulted ?
In *State v. Goode,* 68 Iowa, 593, it was held that an aver-
ment in the indictment describing the defendant as of a
particular age was immaterial, and might be disregarded.
But there is direct authority in support of the proposition
that the allegation " with force and arms " is wholly im-
material in an indictment alleging rape or assault with
intent to commit rape upon a female under the age of con-
sent.  *State v. Erickson,* 45 Wis. 86.  That the defendant

1. PROOF OF IM-
MATERIAL AL-
LEGATION.

may be convicted of rape under an indictment charging carnal connection with a female under the age of consent, although the indictment also alleges the act to have been "with force and arms," so that there might have been a conviction although the female were over the age of consent, is too well settled in this State to warrant a reargument of the question. See *State v. Scroggs,* 123 Iowa, 649.

II. When one Everett Rowe was called as a witness for the prosecution, counsel for defendant objected that he was not a witness examined before the grand jury, and that the notice served by the prosecution of the intent to use him as a witness incorrectly gave his name as "Rome." The objection was overruled, and the witness was allowed to testify. It is contended that this was error, under Code, section 5373, which provides that the "county attorney, in offering the evidence in support of the indictment. * * * shall not be permitted to introduce any witness who was not examined before the committing magistrate or the grand jury, and the minutes of whose testimony were not presented with the indictment to the court, unless he shall have given to the defendant a notice in writing, stating the name, place of residence and occupation of such witness, and the substance of what he expects to prove by him on the trial, at least four days before the commencement of such trial." Without stopping to consider the question whether, in the absence of anything to indicate prejudice to the defendant (and there is in the case before us not only nothing to indicate that defendant was misled by the error, no such claim being even suggested by counsel), it is sufficient to say that, where it affirmatively appears that defendant has not been misled to his prejudice by an inaccuracy in the notice with reference to the name, place of residence, or occupation of the witness, he is not entitled to a reversal because the testimony of the witness has been received. *State v. Stanley,*

2. PRODUCTION OF WITNESSES: inaccuracy in notice.

33 Iowa, 526; *State v. Rainsbarger,* 74 Iowa, 196; *State v. Harlan,* 98 Iowa, 458; *State v. Dale,* 109 Iowa, 97.

The record does not disclose the contents of the notice which was served, but, as no objection was made by the defendant that the testimony of the witness as given did not correspond to that indicated in the notice, we are justified in assuming that the notice advised the defendant that the witness would testify to a conversation at which the defendant and one Townsend were present, and in which the defendant admitted his criminal connection with the prosecutrix. Such a conversation had already been testified to by Townsend, at which, according to his statement, Everett Rowe was present. From the evidence it clearly appears that no one was present at that conversation to whom the description in the notice could have referred except Everett Rowe, and the defendant must have known that this was the person whom the prosecution intended to call to testify as to such conversation. It plainly appears, therefore, that the defendant could not have been misled nor in any way prejudiced by the error in the notice. In other words, the defendant was advised that some witness who was present at that conversation, and whose first name was Everett, and whose last name was very similar to that of the person Everett Rowe, would be called to testify with reference to such conversation. Now, we fail to see how the defendant could have been without reasonable knowledge that the State expected to call Everett Rowe, and therefore the objection made to his testimony was purely technical, and without merit.

III. It is claimed that the instructions were conflicting, because in some paragraphs the jurors were told that the prosecution must prove all the essential elements of the crime charged in the indictment, while in other paragraphs they were told that they might find the defendant guilty without proof of force if it was shown that the female named was a child under the age of fifteen years. In view of the

previous discussion it is apparent that this conflict could not have been prejudicial to the defendant.

IV. A witness called for the prosecution to impeach the credibility of one of the defendant's witnesses testified that the reputation of the witness for truth and veracity was

**3. EXCLUSION OF EVIDENCE.** bad, but on cross-examination he was asked whether he had not given to such witness a written recommendation as an honest and upright citizen and entitled to the respect of the people. Even if this question was proper, the error in excluding the answer was without prejudice, for the witness was afterwards allowed to state the contents of the letter of recommendation which he had given; and, if the writing of such a letter tended to weaken the testimony which the witness had given on the matter of reputation, the defendant had the entire advantage of this effect.

Other objections are made to rulings on the introduction of evidence, but our examination of the entire record shows that they are without merit.

The judgment of the lower court is therefore *affirmed*.