STATE OF IOWA v. NEAL MATHEWS, Appellant.

**Indictment:** SIGNATURE OF COUNTY ATTORNEY. The Statute does not 1 require the signature of the county attorney to an indictment; but, if necessary, it would be sufficient if signed by his assistant with authority to do so.

**Challenge of juror:** WAIVER. A defendant who waives one of his 2 peremptory challenges after the overruling of a prior challenge cannot complain of the ruling.

**Production of witnesses:** NOTICE: ERROR IN NAME. A defendant 3 who has full information as to the identity of a witness produced on notice, and knowledge of what he will testify to, cannot complain that the witness was not correctly named in the notice.

**Witnesses:** COMPETENCY OF WIFE. A divorce prior to the trial ren- 4 ders the wife a competent witness against her former husband, defendant in a criminal prosecution.

**Murder in first degree:** DEFENSES. The fact that the shot which 5 killed deceased was intended for another is not a defense to the charge of murder in the first degree; especially where there was evidence that defendant intended to kill both parties.

**Argument:** MISCONDUCT. The statement of a prosecuting attorney 6 in argument that there had not been a day during his incumbency of the office that murderers were not in jail awaiting trial, though without support in the evidence, was not prejudicial to defendants, especially as the same was withdrawn and the jury instructed not to consider the remark.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

TUESDAY, NOVEMBER 13, 1906.

REHEARING DENIED, THURSDAY, FEBRUARY 14, 1907.

THE defendant was found guilty of murder in the first degree, and appeals from a judgment of life imprisonment. — *Affirmed.*

*Woodson* and *Brown,* for appellant.

*Chas. W. Mullan,* Attorney-General, *Lawrence De Graff,* Assistant Attorney-General, and *Jesse A. Miller,* County Attorney, for the State.

SHERWIN, J.— In November, 1904, the defendant entered the home of Roland Diggs, in the city of Des Moines, and therein shot and killed Roland Diggs and Bud Travis, and shot and seriously wounded Mrs. Diggs, the wife of Roland Diggs. He was indicted for both murders, and was first tried on the indictment for the murder of Diggs. On that trial he was convicted of murder in the first degree, but the verdict was set aside by the trial court; and when he was again put on trial it was on the indictment charging the murder of Travis. He was convicted of murder in the first degree, and appeals.

The appellant's first contention is that the indictment is fatally defective because the name of the county attorney was signed thereto by his assistant, and he relies on sections 5281 and 5282 of the Code to sustain his contention. The statute does not require the signature of the county attorney to an indictment. Section 5281 does no more than to prescribe the substantial form of the indictment, and this court has held that the signature of the county attorney is not essential to the validity of an indictment. *State v. Kovolosky,* 92 Iowa, 498; *State v. Ruby,* 61 Iowa, 86; *State v. Wilmoth,* 63 Iowa, 380. Moreover, the record shows that the county attorney's name was signed by his assistant with full authority so to do, and this would be sufficient, were it necessary for the

1. INDICTMENT: signature of county attorney.

county attorney to sign the indictment. Code, section 303, expressly authorizes the appointment of deputies to assist in the discharge of the duties of the office.

Complaint is made of the overruling of a challenge to one of the trial jurors. After the ruling, the defendant 2. CHALLENGE TO JUROR: waiver. waived one of his peremptory challenges, and he cannot now complain. *State v. Tyler,* 122 Iowa, 125; *State v. Yetzer,* 97 Iowa, 423.

The State gave the defendant due notice that it would call as a witness one Alec Sanders. Sanders had not appeared before the grand jury, and his name was not indorsed 3. PRODUCTION OF WITNESSES: notice; error in name. on the indictment. When the witness was put on the stand he gave his name as H. S. Sanders. Thereupon evidence was received as to the identity of H. S. and Alec Sanders, after which the objection to the witness was overruled. There was no error in permitting him to testify. There was evidence tending to show that he was known as and commonly called " Alec." On the trial of the defendant for killing Diggs, he was a witness for the State, testifying substantially as he did on this trial, and was there addressed or referred to by the present counsel of the defendant as " Alec Sanders." After a subpœna had been issued for him, a deputy requested him to accept service thereof; but he refused to do so, giving as a reason therefor that his name was not " Alec," but " H. S.," Sanders, and this circumstance he communicated to defendant's counsel some time before the trial. The fact that this same witness had testified on the trial of the defendant for killing Diggs, that he was the only Sanders who had been used as a witness, that the defendant knew what he would testify to, and that he had himself recognized the fact that he was known as " Alec Sanders," clearly show that the defendant had information and knowledge as to the identity of the witness named in the notice. The purpose of the notice is to give to the accused knowledge of the testimony that will be given against him, so that he may prepare to meet it, and, when this

is done, the statute has been complied with.  *State v. Dale,*
109 Iowa, 97; *State v. Ostrander,* 18 Iowa, 435; *State v.
Anderson,* 125 Iowa, 501; *State v. Bernstien,* 99 Iowa, 5.

Anna Becton, who was a witness for the State, was at
the time of the shooting the wife of the defendant.  Before
the trial, however, she had been divorced from him.  Her
testimony was admissible.  Code, section
4606, provides that neither husband nor wife
shall be a witness against the other; but when
she testified the relation had ceased, and under our decisions
she was a competent witness.  *Hitt v. Sterling-Goold Mfg.
Co.,* 111 Iowa, 458; *Parcell v. McReynolds et al.,* 71 Iowa,
623.  No testimony was offered which would make the wit-
ness incompetent under section 4607.

4. WITNESSES:
husband and
wife.

While the indictment charges murder in the first de-
gree, the appellant urges that the evidence did not warrant
the submission of that degree to the jury, and, further, that
the intent of the defendant, if any there was,
was directed against Diggs, and that the kill-
ing of Travis could be no more than murder
in the second degree.  These propositions we shall consider
in their inverse order.  If the shot that killed Travis had
been fired at Diggs, with all the essentials necessary to con-
stitute murder in the first degree present, the killing of the
former would constitute murder in the first degree.  *State v.
Williams,* 122 Iowa, 115, and cases cited therein.  Further-
more, there is evidence sufficient to sustain a finding that the
defendant intended to kill Travis as well as Diggs.

5. MURDER IN
FIRST DEGREE:
defenses.

Complaint is made of the eighth instruction, but it is
based on an erroneous statement of its language.  Considered
in connection with the other instructions given, it presented
the law correctly.  The instructions as a whole were very
full and fair, and no just complaint can be made of them.

In his closing argument to the jury the county attorney
made the statement that there had not been a day during his
incumbency of the office that murderers were not in jail

awaiting trial. The statement was at once withdrawn, and the jury was directed by the court to give it no consideration, and it must be presumed that it did not. While the statement was not based on evidence in the record, it was not of such character as to prejudice the defendant. *State v. Calhoun,* 72 Iowa, 432. For language used, see State v. Calhoun, *supra; State v. Tippet,* 94 Iowa, 646; *State v. Beabout,* 100 Iowa, 155.

6. ARGUMENT: misconduct.

The appellant's final contention is that the verdict is not sufficiently supported by the evidence; but with this claim we cannot agree. After a careful consideration of all of the evidence, we are fully satisfied that the verdict is right. The defendant received a fair and impartial trial, and he must now pay the penalty for his crime. The judgment is affirmed.— *Affirmed.*