STATE OF IOWA v. FRED BUTLER, Appellant.

**Criminal law:** RAPE: INCLUDED OFFENSES: SUBMISSION OF ISSUES.
I   On a prosecution for rape committed upon a girl under the age of consent, the indictment making no charge of the use of force and violence, the issue of assault and battery was not included and failure to submit the same was not erroneous.

**Same:** INSTRUCTIONS. Where there is a reasonable doubt of defend-

ant's guilt of the crime as charged he can only be convicted of the lower degree. The court's instructions in this case when construed as a whole gave the defendant the benefit of the statute in this respect.

**Same:** PRODUCTION OF WITNESSES ON NOTICE: SUFFICIENCY OF NOTICE. Defects in a notice of the calling of a witness not before the grand jury are not fatal unless prejudicial to the defendant. In this instance the name of the witness was not correctly written in the notice, nor was the occupation given other than as wife, but the notice gave her residence and what she would testify to, so that the defendant could not have been misled as to her identity, and it was therefore sufficient.

**Witnesses:** COMPETENCY. Deafness will not disqualify a witness otherwise competent.

*Appeal from Webster District Court.*—HON. C. G. LEE, Judge.

TUESDAY, NOVEMBER 12, 1912.

THE defendant, having been convicted of the crime of rape, appeals.—*Affirmed.*

*Frank Maher, M. M. Joyce,* and *Kelleher & O'Connor,* for appellant.

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, and *B. B. Burnquist,* County Attorney, for the State.

LADD, J.—I. The indictment charged that defendant, on or about September 21, 1910, "did wilfully, feloniously, and unlawfully assault one Vera Butler, and did then and there carnally know and abuse the said Vera

I, CRIMINAL LAW: rape: included offenses: submission of issues.

Butler, she being then and there a female child under the age of fifteen years." The court advised the jury that included in the offense charged was that of assault with intent to com-

mit rape, and also that of unlawful assault, but did not mention assault and battery, nor submit whether he was guilty thereof to the jury. Appellant argues that this was error, insisting that this offense was included in the allegations of the indictment and sustained by the proof. It will be observed, however, that the use of force and violence in the perpetration of the offense was not averred, and, even though the evidence may have disclosed the exertion of some force, as assault and battery was not included in the charge against the accused, there was no issue as to his guilt thereof, and for this reason it was not error to omit submitting the same to the jury. *State v. Miller*, 124 Iowa, 429; *State v. Johnson*, 133 Iowa, 38.

II. Section 5377 of the Code declares that, "where there is a reasonable doubt of the degree of the offense of which defendant is proven guilty, he shall be convicted of

2. SAME: instructions.

the lower degree only," and with reference thereto the court instructed that "included in the charge of rape are the following lesser offenses, which are stated in the order of their gravity, as follows: (1) Assault with intent to commit rape; and (2) an unlawful assault. It is the law that where a person is charged with a crime, which charge includes offenses of a lesser degree, the jury shall find the defendant guilty of the highest offense charged of which the evidence proves him guilty beyond a reasonable doubt, if it does so prove him guilty of any such offense." The criticism of this instruction is that "it does not tell the jury that where there is a reasonable doubt as to the degree of the offense the conviction should be for the lesser." It is a little difficult to understand how the jury might exclude all reasonable doubt in convicting of a higher offense, without saying that no such doubt existed as to the degree. The court might well have indicated the law by quoting this statute; or more pointedly have expressed the precise rule on the subject. But other portions of the charge were such as to ob-

viate any possible misconception of what was intended. Thus, in the fourth instruction, the elements constituting the crime of rape were stated, and the jury told that, unless each and all of these had been proven beyond reasonable doubt, the accused should not be convicted of having committed that crime. This instruction was followed by another saying that, in event of conviction of rape, the lesser offenses are not to be considered; but, if not guilty thereof, the jury should proceed to inquire whether he was guilty of an assault with intent to commit rape, and that, unless found beyond reasonable doubt to have so assaulted prosecutrix, he should not be convicted of this offense. In the seventh instruction, the necessity of proving penetration beyond reasonable doubt, to constitute rape, was pointed out, and, in the event this were not done, then of so proving the assault with intent to penetrate. In the ninth instruction the jury was told, if the defendant was not found guilty of either of the above offenses, to determine whether he was guilty of the simple assault. The charge as a whole preserves to the defendant the advantage of the statute quoted, and was without error in this respect.

III. The name of Mary Engels was not indorsed on the back of the indictment, and, when she was called as a witness, objection was interposed on this ground. It appeared that a notice had been served on defendant a sufficient time previous to the trial, but therein she had been designated as "Mrs. J. C. Ingalls, wife of J. C. Ingalls, living on 23d street, Ft. Dodge," and that among other things, she would testify that "she had been living in the house first north of the Fred Butler house during the past year, and that she had seen Mrs. Fred Butler leave the home, and leave Vera Butler alone." It appeared at the trial that her husband's name was Chris E. Engels, but by mistake she had given her name to the county attorney as "Mrs. J. C. Engels," and that she had lived during the

3. SAME: production of witnesses on notice: sufficiency of notice.

year previous in the house immediately north of that occupied by the defendant on Twenty-third street. She had a son named C. J. Engels, who resided in another part of the city, and had never lived in the place designated in the notice.

The statute requires such a notice to give the name, place of residence, and occupation of a witness whose testimony is to be introduced (section 5373, Code), but defects of the notice in these respects are not fatal, unless prejudicial to the defendant. Here the notice not only designated the street on which the witness resided, but indicated she would testify that she had resided next door to defendant's place of residence during the year previous. Only she and her husband had lived there during that time. The defendant, then, could not have been misled as to who was intended even though her name was not written correctly, nor her occupation stated, otherwise than that of wife. He was advised with sufficient certainty of detail to enable him readily to ascertain the identical person whom the state proposed to call as a witness, and of the substance of the testimony to be given, and, this having been done, the defendant was not prejudiced by the defects of the notice. See *State v. Rainsbarger,* 74 Iowa, 196; *State v. Mathews,* 133 Iowa, 398.

IV. The suggestion that the deafness of Mrs. Atherton rendered her incompetent to testify is without merit. Even a deaf mute, if of sufficient mental capacity and able 4. WITNESSES: to communicate his ideas by signs or in competency. writing, is a competent witness. *State v. De Wolf,* 8 Conn. 93 (20 Am. Dec. 90); *State v. Weldon,* 39 S. C. 318 (17 S. E. 688, 24 L. R. A. 126); *State v. Howard,* 118 Mo. 127 (24 S. W. 41). The corroborating evidence was sufficient to carry that issue to the jury, and the verdict has such support as to preclude any interference therewith on appeal.

The record appears to be without error, and the judgment is—*Affirmed.*