STATE OF IOWA, Appellee, v. R. S. LEEPER, Appellant.

CRIMINAL LAW: Appeal and Error—Harmless Error—Harmlessness 1,5 of Error in View of Record. The fact that the material issues in a prosecution are practically without dispute may quite clearly lead to the conclusion that the *reception* or *rejection* of testimony having but scant bearing on the issues was harmless.

CRIMINAL LAW: Evidence—Declaration of Conspirator—Lack of 2 Identification. A material conversation, in the presence of an accused, between a witness and a third party who was evidently a coconspirator with the accused, is admissible, even though the witness is unable to *positively* identify the party with whom he had the conversation.

CRIMINAL LAW: Evidence—Circumstances Attending the Taking of 3 Stolen Property. Facts and circumstances are admissible which tend to show the manner in which a thief possessed himself of a stolen vehicle; also, the fact that his own tools were found in the stolen vehicle.

CRIMINAL LAW: Evidence—Notice of Additional Testimony—Error 4 in Name of Witness. Error in a notice of testimony additional to that given before the grand jury will not work the exclusion of such testimony because the name of the witness is given as "J. M. Holden," instead of "J. M. Holder," it being made to appear that the accused was in no manner misled by the error.

CRIMINAL LAW: Instructions—Reasonable Doubt. Instruction de-6 fining "reasonable doubt" approved.

CRIMINAL LAW: Instructions—Interest of Defendant. Principle 7 reaffirmed that the jury may be told that it may consider the interest of one on trial in the outcome of the prosecution, in determining the weight and credibility of his testimony.

TRIAL: Instructions—Verdict-urging Instructions. Instructions are 8 proper which go no further than to apprise the jury of the desirability of a verdict if they can conscientiously and unanimously agree upon one.

*Appeal from Decatur District Court.*—HOMER A. FULLER,
Judge.

## JUNE 24, 1924.

THE defendant was convicted in the court below of larceny,
and from a judgment sentencing him to the state reformatory
at Anamosa for an indeterminate term of five years, he ap-
peals.—*Affirmed.*

*McGinnis & McGinnis* and *Frank P. Leeper,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, *J. S. Parrish,* County Attorney, and *George
W. Baker,* for appellee.

STEVENS, J.—I. The grand jury of Decatur County, on
August 5, 1921, returned an indictment against appellant,
jointly charging him and one Roy Dillon with the theft of a
Dodge automobile from John Hardin, who resided near Line-
ville in that county. Appellant was given a separate trial, as
the result of which he was convicted and sentenced to an inde-
terminate term of not to exceed five years in the state reforma-
tory at Anamosa. The sufficiency of the evidence to convict is
not challenged. Numerous alleged errors of the court in ruling
upon objections to testimony and in the instructions to the jury
are the principal grounds urged for reversal.

Appellant resided at Iowa City, where he, for a time, at-
tended the state university, and later engaged in the garage
business. He owned a rebuilt Cadillac automobile. Accom-
panied by Dillon, whom he had known for a

1. CRIMINAL LAW:
appeal and er-
ror: harmless
error: harmless-
ness of error in
view of record.

short time only, appellant drove his car to Line-
ville, arriving there about noon, July 21, 1921.
Dillon had formerly resided near Lineville, and
his uncle and aunt still resided near there. During the afternoon,
he conversed with various acquaintances in Lineville, and accom-
panied by appellant, visited his aunt for a short time, making
inquiry as to various people whom he had known and as to the
kind of automobiles owned by them. One of the acquaintances

with whom he talked, J. F. Davis, was a witness for the State, upon the trial. He testified that Dillon inquired as to who was marshal of Lineville. Upon being informed that it was Arv Fisher, Dillon replied, "Arv Fisher,—he's easy." The witness then said: "No, he's not so easy, if you come in contact with him. He'll throw you in, if he knew you were here." Thereupon Dillon stooped over the car, apparently picked up something which the witness did not see, and said, "He would have to go over this, if he took me." The objection to this testimony was that the conversation took place in the absence of appellant, who, the witness testified, stood about twenty feet from the car, and, as he said, within possible hearing distance. Appellant testified that he did not hear the conversation. It was further shown that appellant later displayed two guns in the automobile to another party.

No controversy took place with the marshal, and it is quite inconceivable that this evidence, even if erroneously admitted, could have in any way prejudiced appellant. There is little dispute in the evidence as to questions of fact. The taking of the automobile is admitted, and appellant sought to excuse his participation in the larceny upon the ground that Dillon told him that the car was his uncle's, and that he had been requested to drive it to Oklahoma for him; and that appellant, at the time the car was taken, believed Dillon's representations to be true.

II. Mrs. Oscar Peck, who is the sister of Roy Dillon's mother, testified that the two men came to her residence in the country near Lineville, on the afternoon of the 21st of July; that she and her nephew talked of people residing in the community; and that he asked many questions as to the kind of automobiles owned by them. The objection to this testimony was that the witness was unable to identify appellant as the companion of her nephew, and that the conversation did not take place in his presence. The evidence was material, and we think the identification of the appellant by the witness sufficiently definite, although she was not quite positive as to the matter. Other evidence in the record leaves no doubt whatever that the

2. CRIMINAL LAW: evidence: declaration of conspirator: lack of identification.

appellant was with Dillon at that time. The conversation took place in the presence of the appellant, and the evidence was properly admitted.

III.   Howard Hardin, son of John Hardin, the owner of the stolen automobile, was permitted to testify to the use of the car until about 10 o'clock on the evening of July 21st, and to 3. CRIMINAL LAW: evidence: circumstances attending the taking of stolen property. tracks of an automobile in the road near the garage, and of someone apparently walking beside the car, indicating that it had been pushed out of the garage down a slight decline, so as to avoid detection. The witness also testified to other matters of a similar nature. These circumstances, while not perhaps very conclusive, were nevertheless admissible in evidence.

Likewise, the objection to the testimony of John Hardin was properly overruled. The testimony of this witness related largely to the search made for the stolen property, the apprehension of appellant and Dillon in Oklahoma, and conversations with, and admissions made by, the former. There were also certain tools found in the tool box of the stolen car which belonged to appellant, and which were identified and offered in evidence by the State. The exhibits were in the tool box when appellant was arrested, and were clearly admissible in evidence.

IV.   J. M. Holder, a witness for the State, did not testify before the grand jury. Notice of the introduction of his testimony was served upon the defendant, in which his name was 4. CRIMINAL LAW: evidence: notice of additional testimony: error in name of witness. spelled "Holden," instead of "Holder." The court permitted the State to show that the witness called was the person intended, and held that the error in the notice was not prejudicial to appellant. We think the showing of want of prejudice sufficient to justify the admission of the testimony of this witness. It was shown that there was no other person in the vicinity of a similar name. *State v. Anderson*, 125 Iowa 501; *State v. Butler*, 157 Iowa 163; *State v. Mathews*, 133 Iowa 398.

V.   The court refused to permit John Ware, a witness called by appellant, to testify to a conversation he claimed to have overheard between appellant and Dillon at the former's

garage in Iowa City, some time in July, in which

5. CRIMINAL LAW: appeal and error: harmlessness of error in view of record.

Dillon told appellant he wanted to go by way of Lineville so that he could take an automobile belonging to his uncle to him in Oklahoma. It is contended by appellant that this testimony would tend to corroborate his defense that he understood and believed that the Dodge automobile taken from the premises of John Hardin belonged to Dillon's uncle, and that he had a right to drive it to Oklahoma for him. Even if the admissibility of this evidence were conceded, we are convinced that its exclusion worked no substantial prejudice to appellant. The car was removed from the garage of the owner about midnight, and was driven by appellant, and not Dillon, to Oklahoma. Both Dillon and appellant were at the Hardin premises during the afternoon, and, according to the testimony of the latter, discovered that the car was locked and the key absent. The reason assigned by appellant. for Dillon's failure to inquire at the house, where he claimed his uncle lived, near by, was that Dillon said there was no one at home. The evidence shows, however, that this was not true; that the windows and doors of the house were open during the afternoon, and some of the Hardin family present all of the time. The car was unlocked with a wire, and the evidence tends strongly to show that it was backed out of the garage and pushed some distance along the highway before the motor was started. Both the sheriff of Decatur County and the sheriff of Hardin County testified that appellant claimed that he traded his Cadillac for the Dodge automobile at Trenton, Missouri. The conversation overheard by the witness occurred several days before appellant and Dillon left Iowa City, and could have thrown little light upon what occurred after they arrived at Lineville, which they left sometime after midnight on July 21st, arriving in Oklahoma in due time, where they were apprehended, and appellant was returned to Iowa by the sheriff. The guilt of defendant was quite conclusively established.

VI. Objection was sustained to portions of the testimony of Frank Shockey and appellant. The contention of appellant as to these matters is without merit, and we do not deem it necessary to discuss the matter.

None ·of the remaining contentions of appellant affecting the offer of testimony are of such merit as to require particular mention.

VII.   The court instructed the jury that a reasonable doubt "is a doubt of guilt reasonably arising from all the evidence or lack of evidence in the case; and, in considering this case, the

6. CRIMINAL LAW: instructions: reasonable doubt.

jury should not go beyond the evidence to seek for doubts; * * *. A doubt, to justify an acquittal, must be a reasonable one, and must arise in the minds of the jurors after a candid and impartial consideration of all the evidence.''

The criticism of this instruction is exceedingly technical, and, we think, without substantial merit. The jury could not have interpreted it to apply to the evidence offered on behalf of the defendant, as suggested by counsel. The instructions on the burden of proof were clear, and could not have been misunderstood. Furthermore, the language complained of has had the prior approval of this court. *State v. Smith,* 192 Iowa 218; *State v. Ritchie,* 196 Iowa 352.

VIII.   Instruction No. 17, in which the court cautioned the jury as to the weight it should give to evidence of statements and admissions of appellant, is also complained of. It is in the usual form, and correctly stated the law. It is, therefore, not open to the challenge lodged against it.

IX.   Instruction No. 19 related to the weight and credibility to be given to the evidence of the appellant. This in-

7. CRIMINAL LAW: instructions: interest of defendant.

struction likewise is in the usual form, and in substantial harmony with our prior decisions. *State v. Walker,* 133 Iowa 489; *State v. Stuart,* 190 Iowa 476.

X.   After the jury had been deliberating for some time, they were returned to the court room, and the foreman handed a written memorandum to the court, in which certain informa-

8. TRIAL: instructions: verdict-urging instructions.

tion was requested. Counsel for appellant was present, and objected to the court's further instructing the jury. The court did, however, prepare a brief instruction, in which the jury was advised to return to their jury room, to read the instructions carefully, to

consider the evidence further, and if, under their oaths, they could possibly do so, to arrive at a verdict. The effect of the instruction went no further than to apprise the jury of the desirability of a verdict if they could conscientiously unanimously agree upon one. Nothing that occurred or that was contained in the instruction was prejudicial to the defendant. *State v. Bogardus,* 188 Iowa 1293.

No reversible error being found in the record, the judgment is—*Affirmed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.