## HOPKINS v. CLAYTON COUNTY.

Board of supervisors: EMPLOYMENT OF COUNSEL IN CRIMINAL CASES. The board of supervisors has power to employ an attorney, or attorneys, to prosecute or defend in a criminal case properly belonging to the duties of the district attorney; and the board may properly devolve on a committee of its own members the duty and power to carry out such contract of employment.

*Appeal from Clayton Circuit Court.*

WEDNESDAY, JUNE 21.

ACTION upon an account of $141.20, for services rendered and expenses incurred in procuring testimony, witnesses and other matters in aid of the prosecution of Andrew Thompson for the murder of Mrs. Hagerty and family. The board of supervisors allowed $65 in full for the bill. The plaintiff appealed to the circuit court, where a jury trial was had, resulting in a verdict and judgment for plaintiff for $127. The defendant appeals.

*Noble, Hatch & Frese* for the appellant.

*S. Murdock* and *J. T. Stoneman* for the appellee.

COLE, J. — The testimony shows that at the June term, 1869, of the board of supervisors of Clayton county, it was resolved that a committee of three be appointed to secure the services of J. T. Stoneman and such others as they may deem necessary, to prosecute such person or persons as may have been implicated in the murder of Mrs. J. Hagerty and family, and that said committee shall consist of Pearsall, Peck and O'Brien. This committee did secure the services of J. T. Stoneman and directed him to prosecute the case to the extent of his ability, and

to use every effort necessary to procure witnesses, and testimony he deemed material, and to take witnesses upon the ground for measurement and observation, etc.; that he did employ the plaintiff to render the services sued for, and the same were material and necessary.

The counsel for appellant make substantially three points, which they embraced in instructions asked by them and refused by the court, to-wit: That the board of supervisors had no legal power to employ counsel in such case; that it had no power to delegate such authority, if they possessed it, to a committee; and that the employment of counsel did not' authorize the expenses incurred and sued for.

The duties of the district attorney are prescribed in part by Revision, section 374, and it is therein further "provided that nothing in said section contained shall prevent the county judge (whose powers have now devolved on the board of supervisors) whenever he may deem it necessary, from employing an attorney to prosecute or defend in any case properly belonging to the duties of the district attorney." If there was any doubt upon general principles, as to the authority of the board to employ counsel to prosecute a criminal case of the magnitude and importance of the case specified, such doubt would be removed by this section. It devolves the duty upon the district attorney, and then provides that the board of supervisors (having the powers and duties of a county judge) may, when they deem it necessary, employ other counsel. They, therefore, had the power, and the court did not err on this point.

As to the power to delegate its authority it may be remarked that the board did not delegate its authority, it simply directed the performance of a specific duty by the committee, as the act of the board. The board acted through its committee. Having the power to do the act, it might properly use the means necessary and suitable to

its execution. Whether an attorney at law, by virtue of that relation, could do what the attorney employed did do in this particular case we need not inquire, since he was expressly authorized to do it by the committee, who did not exceed their direction in so doing. The resolution is to be fairly construed with a view to the accomplishment of the object of its adoption by the board. It follows that the court did not err in refusing the defendant's instructions, as above, and in giving the counter propositions.

Affirmed.