State v. Ruby.

STATE v. RUBY.

1. **Indictment:** ALLEGATION OF TIME. Where a burglary was charged to have been committed "on the second day of February, A. D. 1881, *and in the night-time of said day*," the words "and in the night-time of said day" limit the allegation of time to the night of the day mentioned, and all the language together charges a burglary in the night-time, and not in the day-time, of February 2, 1881.

2. ———: NEED NOT BE SIGNED BY DISTRICT ATTORNEY. Section 4297 of the Code does not require that an indictment be signed by the district attorney; and the fact that an indictment is not so signed is no ground for demurrer, nor for motion in arrest of judgment.

3. **Breaking Jail:** EVIDENCE: INSTRUCTION. Where an attempt was made by the prisoners to break the jail in which the defendant was confined, but there was no evidence to connect defendant with such attempt, all evidence in relation to the attempt should have been excluded; and it was error for the court to instruct the jury that an attempt to break jail might be considered by them as pointing to the guilt of defendant.

4. **Duty of Jurors:** INSTRUCTION. It was error for the court to instruct the jury in a criminal case that "what satisfies the mind outside of the jury-box should do so within." Under such instruction, the jurors might feel relieved of the duty of exercising that care and caution in weighing and considering the evidence, which is necessary to the proper administration of justice.

*Appeal from Keokuk District Court.*

TUESDAY, JUNE 5.

THE defendant was convicted of the crime of burglary, and now appeals to this court. The facts of the case involved in the questions decided are stated in the opinion.

*Sampson & Brown,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

BECK, J.—I. The indictment is in two counts, the first charging that defendant with others "at the county of Keokuk, and state of Iowa, on the second day of February, A. D. 1881, and in the night-time of said day, to-wit: at about eleven o'clock, did willfully,

1. CRIMINAL law: indictment: allegation of time.

\*   \*   \*   \*   break and enter the dwelling-house of one J. S. Jones,   \*   \*   \*   \*   with felonious intent,   \* \*   \*   \*   to then and there \*   \*   \* feloniously steal, etc."

The second count charges that defendant with others "on the second day of February, A. D. 1881, and at the county of Keokuk, and state of Iowa, and at about the hour of eleven o'clock in the night-time of said day, did willfully,   \*   \*   \* break and enter·the dwelling-house of J. S. Jones,   \*   \*   \* with the felonious intent to   \*   \*   \* steal, etc."

Counsel for defendant insist that the first count charges a breaking and entering in the day-time, and the second charges the same act done in the night-time, and that the indictment, therefore, charges distinct offenses in the separate counts. This position is based upon the thought that the words, "and in the night-time of said day," is an independent allegation of time expressed by the averment that the act was done upon the second day of February. In our opinion the position is erroneous, and the words have just the effect which counsel insist they do not have. They limit the allegation of time to the night of the day mentioned. Each count plainly charges the act to have been committed in the night-time.

II.   The indictment was not signed by the district attorney, and for this reason it is claimed by counsel to be bad.

2. INDICT-MENT need not be signed by district attorney.   There is no requirement of the statute that the indictment shall be signed by the district attorney, further than that the form prescribed by Code, section 4297, shows the signature of that officer. But this section is not a positive requirement that indictments shall follow the precise form prescribed. It provides that they shall follow it "substantially," that is, the substance of the indictments shall be the same as that pointed out in the form. The substance pertains to the allegations, not to the signature. The indictment before us, therefore, does not fail to conform in substance to the requirements of the statute, and cannot be assailed by demurrer. Code, §§ 4297, 4305, 4352·

Nor is the defect a ground for a motion of arrest. Section 4491. We conclude that counsels' objections to the indictment are not well taken.

III. Evidence was introduced against defendant's objection showing that, while defendant was in jail after his arrest 3. BREAKING for the crime charged in the indictment, an attempt was made by the prisoners confined in the jail: evidence : instruction. jail to escape, by sawing off the bars of the window. The evidence fails to connect defendant with this attempt. It ought not to have been admitted, for the reason that he should not suffer prejudice for acts done by others, in which he was not concerned.

IV. The court instructed the jury "that an attempt to break jail when a party is therein, charged and held for crime, indicates fear for the result, and this fear points to guilt, and, if proven should be considered by the jury." The giving of this instruction is error, for the reason that, as we have seen, there was no evidence tending to show that defendant did attempt to break jail. The instruction was prejudicial to defendant.

V. The court gave the jury an instruction in the following language: "You are to base your verdict solely on the 4 DUTY of evidence introduced upon the trial, and to consider only the case of the defendant on trial. On jurors: instruction. the other hand, you are to view this evidence as reasonable men; your oaths as jurors simply bind you to confine yourselves to the evidence, and be governed by the law of the case as given by the court; within this limit, your minds in the jury-box should act as they would outside of the jury-box. In other words, what satisfies the mind outside of the jury-box should do so within." The last sentence of this instruction ought to have been omitted. If regarded as being limited to the consideration of the evidence under oath of the jurors, it possibly may not have misled them. But it was hardly so understood by the jury, and they, doubtless, regarded it as a direction to the effect that, if upon informa-

tion of the facts disclosed by the evidence, they would, while not acting as jurors, be led to the belief of defendant's guilt, they should find him guilty by their verdict. Such an understanding would clearly mislead the jury. They would feel relieved of the duty to carefully, deliberately and cautiously weigh and consider the facts proved, which should always be discharged by jurors. For the errors pointed out, the judgment of the district court must be

REVERSED.