THE STATE v. WILMOTH.

1. **Indictment**: NEED NOT BE SIGNED BY DISTRICT ATTORNEY. It is not essential to the validity of an indictment that it be signed by the district attorney. *The State v. Ruby*, 61 Iowa, 86, followed.

2. **Practice in Supreme Court**: ERRORS NOT PRESUMED. All presumptions are in favor of the rulings of the trial court, and if errors are assigned, they must be shown affirmatively before a reversal can be had.

3. ———: REDUCING SENTENCE. To authorize this court to reduce the sentence imposed upon a verdict of guilty, it must clearly appear from the record to be excessive.

*Appeal from Keokuk District Court.*

THURSDAY, APRIL 24.

THE defendant was convicted upon an indictment for burglary, and sentenced to ten years confinement in the penitentiary. He now appeals to this court. The facts involved in the points ruled appear in the opinion.

*Sampson & Brown*, for appellant.

*Smith McPherson, Attorney-general*, and *G. D. Woodin*, for the State.

BECK, J.—I. At a former trial, the appeal in this case was dismissed on the ground that no notice of appeal was shown. See 15 N. W. Reporter, 605.* At a subsequent trial, this order was set aside upon a showing that notices of the appeal had been duly served. An amended abstract has been filed, setting out the notice of appeal and service thereof, and therefore the cause has been submitted for decision upon the questions raised by counsel. They will be considered in the order of their presentation.

II. It is first urged that the indictment is not signed by the district attorney, or by any other officer in his place, and that it presents two distinct offenses. The indictment in this

---
* Order of dismissal does not appear in Iowa Reports.—REPORTER.

case is the identical one involved in *The State v. Ruby*, 61 Iowa, 86. The defendants in that case and this were indicted together, and separately tried upon the same indictment. The identical objections now under consideration were urged in that case, and were held not to be well taken. Nothing .new has been said upon these questions in this case. We have no grounds to doubt our former decision; it must be followed in this case.

III. Two others indicted with defendant were tried with him. It is insisted that the court erred in admitting evidence tending to prove that defendant was guilty of committing a burglary, other than the one charged in the indictment. We have been unable to discover that any such evidence was admitted implicating defendant. It is possible that there was evidence tending to show that one or more of the other persons indicted and tried with defendant admitted connection with the other burglary. But this we do not decide. If it be admitted, no prejudice could have resulted to defendant from the evidence.

IV. It is next objected that the court erred in admitting evidence of defendant's confessions of guilt, on the ground that they were not freely made, but were elicited through promises of protection or advantage, and fear of violence and punishment. It is claimed that evidence of such confessions, made at four separate times, was admitted. As to the first, said to have been made soon after defendant's arrest, it is sufficient to say that we cannot discover from the record before us that there was proof given that defendant made confessions at that time. It is possible that the evidence shows that one or more of the persons indicted and tried with him did.

As to the confessions next referred to, which were made at the preliminary examination, it is only necessary to say that the court, as we understand the record, excluded all the evidence relating to the proceedings upon the preliminary examination and the confessions there made, so far as they

related to defendant. The alleged confessions third in order were made by some of the persons indicted with defendant while they were all on the way to jail, in custody of the officers and others. And, as in the first instance, we are unable to discover that the record shows evidence of confessions made by defendant. The last confessions were made six months after defendant's arrest, while he was in jail. The record, we think, fails to show that this confession, so far as it goes, was not voluntarily and freely made, without influence, of fear or of promised protection or benefit.

The abstract upon which the case is submitted to us fails to clearly present the evidence. We cannot indulge presumptions of errors on the ground of the confusion in the abstract. Errors must be shown with sufficient clearness, and presumptions must be exercised supporting the rulings of the court.

V. It is argued that the evidence fails to support the verdict. Even upon the abstract liberally construed in defendant's favor, it cannot be fairly claimed that the verdict is in conflict with the evidence. There is evidence clearly showing the commission of the crime, and defendant is connected with it by proof of circumstances, as well as by his conduct and declarations, upon which the jury may well have found him guilty.

VI. It is lastly urged that the punishment is excessive. But it is not made to so appear to us. The record, to authorize us to diminish punishment, should show with sufficient clearness that it is beyond the demands of justice. It is not so shown in this case. The judgment of the district court must be

AFFIRMED.