AT

### DAVENPORT, OCTOBER TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

Hon. JOSEPH M. BECK, CHIEF JUSTICE.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, } JUDGES.
" JOSEPH R. REED,
" JAMES H. ROTHROCK.

---

### THOMPSON v. BENEPE ET AL.

1. **Injunction:** POWER OF JUDGE TO GRANT IN VACATION: WHAT IS
VACATION. A judge has authority to grant an injunction in vacation;
(Code, § 3389–3394;) and the word vacation as here used means when
the court is not actually in session, and is not to be restricted to the
the time between terms.

*Appeal from Jasper Circuit Court.*

TUESDAY, OCTOBER 6.

AN injunction was issued in this case, which the defendant moved to dissolve. The motion was overruled, and the defendants appeal.

*Winslow & Varnum*, for appellants.

*Alanson Clark*, for appellee.

SEEVERS, J.—The circuit court was in session from December 1 until December 11, 1884, except during the intervening Sunday. The injunction was granted by the judge of said court on the fourth day of December, and such allowance indorsed on the petition. The injunction was afterwards issued by the clerk.

Counsel for the defendants contend that a judge has no power to grant an injunction during the time the court is in session, and therefore the motion to dissolve should have been sustained. The record fails to show that the allowance was made while the court was actually in session. We must therefore assume, as error cannot be presumed, that the order was made by the judge at the time when the court was not in fact in session. That it was constructively in session will be conceded.

The statute provides that a temporary injunction may be granted by a court or judge thereof in which the action is pending. If the order is made by the court, the clerk shall make an entry thereof in the court record, and issue the order accordingly. If made in vacation, the judge must indorse the order on the petition. Code, § § 3389–3394. As the rights of the defendants are precisely the same whether the allowance is made by the court or judge, it is difficult to see how they were in any respect prejudiced, if the allowance was made during the term time, or while the court was actually in session. But if the order cannot be made by the judge during the session of the court for want of power, it is possible that prejudice should be presumed, as counsel contend, and that there are but two periods of time. One

is term time and the other vacation, and the latter begins when the former ends. There cannot be, we think, a fixed and definite meaning given to the word " vacation." That it ordinarily means the time between terms is undoubtedly true. See Bouv. Law Dict. But whether this meaning should be given to the word in any particular instance depends upon the subject-matter, and the necessity which exists that some other meaning should be adopted. When the subject-matter is considered, as well as the usual purposes for which an injunction is sought as a protection against wrong or the invasion of legal rights; we think the word " vacation," as used in the statute, should be construed to mean such time as the court is not actually in session.

AFFIRMED.