## THE STATE v. SHINNER *et al.*

**Criminal Law**: TRIAL : ASSISTANCE TO PROSECUTING ATTORNEY. It is within the discretion of the trial court to allow another attorney who is not a deputy of the county attorney, and who is not employed by the county supervisors, to assist the county attorney in the prosecution of an indictment, without regard to the offense charged ; and the exercise of such discretion will not be interfered with on appeal where no abuse is shown by the record.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge

FILED, OCTOBER 30, 1888.

THE defendants—three in number—were indicted for an assault with the intent to inflict a great bodily injury. Two of them were convicted ; the other was acquitted. The defendants convicted appeal to this court.

*Stivers & Strong*, for appellants.

*J. R. Caldwell*, County Attorney, for the State.

BECK, J.—I. The indictment was assailed by demurrer in the court below, on the alleged ground that it failed to show by proper allegations the person intended to be injured by the assault. The objection is renewed in more than one instruction asked by defendants, wherein the jury are asked to be directed that

defendants could not be convicted for an assault with intent to inflict a great bodily injury for the same reason. The demurrer and objection were rightly overruled, for the reason that the alleged fact upon which they are based is not shown by the record. On the contrary the indictment does allege, in language sufficiently plain, the name of the person injured. The obvious meaning of the language of the indictment permits no uncertainty on the point when it is considered under the rule of Code, section 4305.

II. The district court permitted an attorney to appear in the case, and assist the county attorney. The defendants objected to his taking part in the prosecution of the case on these grounds. The crime charged is not a felony. The attorney is not county attorney, nor a deputy of that officer, nor is he employed by the supervisors ; and he is interested in a civil action against defendants, growing out of the charge alleged in the indictment. In a proper case, the court may permit an attorney to assist in the prosecution of an indictment without regard to the offense charged, even though he be not employed by the supervisors and is not a deputy of the county attorney. The court, in the exercise of its discretion, may in this way provide for the proper prosecution of one indicted. Of course, sound discretion is to be exercised, in view of all the facts in the case, and will not be interfered with on appeal, unless it is shown to have been abused. But we have not the facts before us, and therefore cannot say that the case was not a proper one for the exercise of such discretion, or that in its exercise it was abused by the court below. If it be conceded that the facts exist on which defendants' objections are based, they were rightly overruled ; for the facts did not authorize the action of the court asked by the defendants. Other objections are urged by counsel in their printed argument; but as they are all based upon the matters noticed by us and held insufficient, they need not be separately discussed. In our opinion the judgment of the district court ought to be

AFFIRMED.