STATE OF IOWA V. MICHAEL KOVOLOSKY, Appellant.

**Criminal Practice.** A conviction will not be reversed because the wrong person signed the indictment.

**Same.** One appointed to act as special county attorney may appear before the grand jury as the regular county attorney could.

**Resignation** of county attorney should be made to the board of supervisors, though that of district attorney was required to be made to the governor.

*Appeal from Benton District Court.*—HON. JOHN R. CALDWELL, Judge.

THURSDAY, DECEMBER 13, 1894.

INDICTMENT for larceny. Verdict of guilty, and the defendant appealed.—*Affirmed.*

*Tom H. Milner* for appellant.

*Thomas A. Cheshire* and *John Y. Stone*, attorney general, for the state.

GRANGER, C. J.—I. The indictment is assailed, and the facts relied upon to set it aside are as follows: Cato Sells was the county attorney for Benton county,

and tendered his resignation to the board of supervisors of that county, which accepted it, and appointed to the vacancy one Matt Gaasch. Gaasch, before his appointment, and before the case was presented to the grand jury, had so acted as counsel for defendant that he felt disqualified to act in this particular case, and Sells was appointed by the court to act in his stead. Sells was before the grand jury during its investigation of the case, as county attorney, and when the indictment was prepared it was signed by "Matt Gaasch, County Attorney." It is said by appellant: "If Cato Sells was county attorney, he should have signed the indictment. If Matt Gaasch was county attorney, then Sells' appearance before the grand jury was strictly forbidden by law." It is then urged that Sells was county attorney, and reliance is placed on a claim that the resignation should have been made to the governor of the state, and not to the board of supervisors. By chapter 73, Acts, Twenty-first General Assembly, it is provided that at the general election in 1886, and every two years thereafter, a county attorney shall be elected in every county in the state, and he is unmistakably a county officer. Section 782 of the Code provides for the resignation of civil officers, and to whom they shall be made, and subdivision 4 is, "By all county officers to the board of supervisors, and by members of the board of supervisors to the county auditor." Subdivision 2 of the section is as follows: "By senators and representatives in congress and of all officers elected by the qualified voters of the state or chosen by the general assembly, and by judges of courts of record, and district attorneys, to the governor." It is because of this latter provision that it is urged that the attempted resignation of Sells is of no validity. In the annotated copy of the Code (McClain's, section 1254) between the words "district" and "attorney," in subdivision 2 of

the section, is the word "county," in brackets, and importance is attached to that fact. As we understand—in fact, it so appears from the preface—the word is so inserted by the compiler or author as indicating "the word which should be substituted to carry out the change intended." We are, therefore, to look to the section with the word "county" omitted, and with other provisions of the law on the same subject, to determine the question. By section 10 of the act creating the office of county attorney, it is provided: "Wherever the term district attorney appears in the laws of Iowa, it shall hereafter mean county attorney, and all laws now in force regulating the duties of district attorneys in criminal matters and proceedings, shall apply to the county attorneys within their respective counties." The last section of the act creating the office of county attorney is as follows: "Chapter 8 of title 3, and section 3775 of the Code of 1873, together with all acts and parts of acts inconsistent herewith, are hereby repealed." There is no dispute but that the office of district attorney was abolished by the act in question, nor can there be any dispute but that the duties pertaining to the office of district attorney were by the act transferred to the office of county attorney, and the substitution of the word *county* for *district* is important in many cases pertaining to the observance of the law regulating the duties of the office. To this extent, section 10 of the act has a needed application, and there is no inconsistency in its application with other provisions of the act. With the express repeal of the law creating the office of district attorney, in the same section of the act repealing all parts of acts inconsistent therewith, it seems to us that any law looking only to the further preservation of the office, by providing for temporarily vacating it, is inconsistent with the act abolishing the office, and that it stands repealed. If, from all the law on the subject, there appeared a

necessity for the continuance of the law, to render efficient the new act, such a conclusion might not be warranted. But, on the subject of resignations of county officers, there was at that time an express statute, without a reason why it should not apply to the office of county attorney, and manifest reasons why it should, and we may well assume the repeal of a law that would be both useless and unreasonable in its practicable application. We think that the resignation of Mr. Sells was valid, and hence that Matt Gaasch was legally a county attorney.

II. The indictment was signed by Matt Gaasch as county attorney, and it is urged that this is fatal to the indictment. Conceding it to be irregular for Gaasch to sign the indictment, in view of the appointment of Sells, it is not fatal to it, for in *State v. Ruby*, 61 Iowa, 86, 15 N. W. Rep. 848, and *State v. Wilmoth*, 63 Iowa, 380, 19 N. W. Rep. 249, it is held that the signature of the district attorney was not essential. No imaginable prejudice could have resulted from the signature being there.

III. It appears that Mr. Sells, after his appointment to act in the case, was before the grand jury, and examined witnesses, but it does not appear that he was there at a time, or in a way, that would have been improper for the county attorney to have been before the grand jury in a case where he was not disqualified. The appointment of Mr. Sells, for the purposes of the case, invested him with the same rights and duties as would have devolved on the county attorney in the case. See Code, sections 4281, 4282.

The rulings upon the exclusion of evidence are not erroneous, and the verdict has support in the record. The judgment is AFFIRMED.