STATE OF IOWA, Appellee, v. FRANK FORTUNSKI, Appellant.

**INDICTMENT AND INFORMATION:** Formal Requisites—Waiver. The objections that a trial information filed by the county attorney (1) was not indorsed ''a true information,'' (2) was not verified, and (3) was not approved by the district judge, are waived by defendant's failure, *prior to plea,* to move to set aside the information. (Sec. 13659, Code of 1924.)

Headnote 1: 31 C. J. p. 873.

*Appeal from Cerro Gordo District Court.*—C. H. KELLEY, Judge.

JULY 1, 1925.

DEFENDANT was accused by county attorney's information with the crime of lewd, immoral, and lascivious acts with a child under the age of sixteen years, contrary to the provisions of Section 13184, Code of 1924. Upon a plea of guilty, judgment was entered, in conformity to law. The opinion states the grounds upon which the defendant now predicates his appeal.— *Affirmed.*

*Birdsall & Birdsall,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *William P. Butler,* County Attorney, for appellee.

DE GRAFF, J.—This case comes here on appeal from the judgment entered by the district court of Iowa in and for Cerro Gordo County. The defendant was charged, on information filed by the county attorney, with the crime of lewd, lascivious acts with a child under the age of sixteen years. He appeared in open court upon arraignment, entered a plea of guilty, and asked that judgment be pronounced at once. This was done. No evidence was taken before the trial court, and consequently the only facts appearing in the record before us are found in the minutes of the testimony attached to the county attorney's information. With this phase of the record we are not concerned.

Three propositions are stated by appellant upon which a reversal of the judgment is based: (1) That the information is not indorsed "a true information," as required by Section 13646, Code of 1924; (2) that the information filed by the county attorney is not verified by him, as required by Section 13649, Code of 1924; and (3) that the information does not show the approval or disapproval of the district judge indorsed thereon, as required by Section 12650, Code of 1924.

This appeal involves the law adjective, and not the substantive law governing the crime charged. A question of procedure is before us, and the disposition of the appeal must be determined by the statute. The three propositions relied upon by appellant may be resolved into one question: Did the failure of the defendant to demur to the information constitute a waiver of the rights now asserted by him? Even though an information, as in the instant case, may have been found defective upon demurrer, it is not so fatal upon its face as to be open to attack after trial and judgment. A failure to allege in the information the things which now constitute the basis of appellant's complaint is not a denial to a defendant of any constitutional right. The mere failure to recite these matters affirmatively in the information did not deprive the court of jurisdiction over the cause; and in the absence of a demurrer to the

information, the sufficiency thereof cannot now be called into question. As stated, the ultimate question presented is whether the procedure established by the statute of Iowa can at this time, and in the first instance on appeal, be raised by a defendant.

The defects concerning which complaint is made were reviewable by a motion to set aside the information; but the Code provides that such a motion must be made ''before a plea is entered by the accused,'' and that, if such a motion is not made before plea is entered, ''the objection shall be deemed waived.'' Sections 13659 and 13660, Code of 1924. All that was done by the accused was voluntarily done by him. There was no duress or undue influence brought to bear, and the defendant was his own judge of the legal course of things in the instant matter.

A careful review of the brief record before us discloses no ground for reversal. Wherefore, the judgment entered is—
*Affirmed.*

STEVENS, ARTHUR, and VERMILION, JJ., concur.