STATE OF IOWA, Appellee, v. CARL VOSS, Appellant.

**INDICTMENT AND INFORMATION:** Sufficiency—Waiver. The failure to indorse (1) "a true information," or (2) the names of the witnesses, on an information filed under the County Attorney Information Act, or to file any minutes of testimony, is waived by failure to move to set aside the information on such grounds. (See Book of Anno., Vol. 1, Sec. 13646, Anno. 1 *et seq.*)

**INDICTMENT AND INFORMATION:** County Attorney Information Act—Jurisdiction During Vacation. A district judge has jurisdiction in vacation, under the County Attorney Information Act (Ch. 634, Code of 1924), and while sitting in chambers in any county of his district, to receive a written plea of guilty under a trial information filed by the county attorney, and to enter sentence, even though the offense is charged to have been committed in a county of his district other than the county in which he is sitting.

**INDICTMENT AND INFORMATION:** Duplicity—Waiver. The claim that an indictment or trial information charges more than one offense will be disregarded when raised for the first time on appeal. (See Book of Anno., Vol. 1, Sec. 13737, Anno. 63.)

Headnote 1: 31 C. J. p. 873. Headnote 2: 33 C. J. p. 977. Headnote 3: 17 C. J. p. 56; 31 C. J. p. 875.

*Appeal from Pocahontas District Court.*—D. F. COYLE, Judge.

DECEMBER 15, 1925.

SENTENCE was pronounced on defendant under a plea of guilty to a county attorney's information, by the Honorable D. F. Coyle, one of the judges of the district court for the fourteenth judicial district of Iowa; and from this judgment the defendant appeals.—*Affirmed.*

*A. J. Shaw* and *T. F. Lynch,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—Pocahontas and Humboldt Counties of this

state are both within the fourteenth judicial district, and the Honorable D. F. Coyle is one of the judges of that district. On the 14th day of February, 1925, there was presented to said judge, sitting in chambers at Humboldt, a county attorney's information, charging the appellant with violation of the intoxicating liquor laws in Pocahontas County. It is so entitled, and is signed by W. W. Harris, county attorney of Pocahontas County. The appellant was present before said judge, and thereupon the judge indorsed his approval of said county attorney's information. The appellant entered the following plea:

1. INDICTMENT AND INFORMATION: sufficiency: waiver.

"Comes now Carl Voss, the defendant named in the within information, and waives arraignment, and says he is prosecuted in his right name, and enters a plea of guilty of the crime of nuisance, as charged in the within information."

Whereupon said judge sentenced the appellant to pay a fine of $500 and costs, together with $50 attorney's fee, and in default of payment he was ordered committed to the county jail in Pocahontas County for 165 days, and his bond fixed at $1,000. On the same day, a judgment entry was made and entered of record, in accordance with the above sentence.

Section 13646, Code of 1924, requires that:

"Such information shall be indorsed 'a true information,' which indorsement shall be signed by the county attorney."

This was not done in this case.

Section 13647 requires that the names of the witnesses whose evidence is to be used, are to be indorsed on said information, together with a minute of the evidence of said witnesses relating to the guilt of the accused. Neither of these things was done in the instant case, nor were such minutes of the evidence filed with the information.

Section 13650 provides that, before the filing of such information, a district judge shall indorse his approval thereon. The record in the case shows that the above proceeding took place in Humboldt County on the 14th day of February, 1925, but the county attorney's information was filed in Pocahontas County on the 16th day of February, 1925. The appellant assigns each and all of these matters as error.

Section 13659 of the Code of 1924 provides:

"A motion to set aside the information may be made on one or more of the following grounds:

"1.   When it is not indorsed 'a true information,' and the indorsement signed by the county attorney.

"2.   When the minutes of evidence have not been filed with the information.

"3.   When the names of the witnesses named in such minutes of evidence are not indorsed on the information.

"4.   When the information has not been verified or filed in the manner herein required.

"5.   When the information has not been approved as required."

Section 13660 provides:

"Such motion must be made before a plea is entered by the accused. If not so made, the objection shall be deemed waived. If an objection is shown to be true, the court shall sustain said motion, unless the defects are corrected within such time as the court may order."

It is apparent, under these two sections of the Code, that the matters about which complaint is made, are deemed to be waived.

It is further complained that the judge sitting in chambers in Humboldt County had no authority to pronounce this sentence, because of the entire lack of jurisdiction.

2. INDICTMENT AND INFORMATION: County Attorney Information Act: jurisdiction during vacation.

Section 13666 provides for arraignment, as follows:

"An accused prosecuted on information may, in vacation, be arraigned by any judge of the district court, and, in vacation, be required to plead to the information before any such judge."

Section 13667 provides the place of arraignment, as follows:

"Arraignments can be made and pleas required, in vacation, only before such judge sitting in chambers at the usual place of holding court in the county in which the information was filed, or in any other county of the judicial district, or in any county to which the cause may be sent on change of venue."

Section 13669 provides for judgment on written pleas of guilty.

Section 13670 reads:

"Said written plea of guilt, together with the judge's entry of judgment in reference thereto, shall be forthwith filed with the clerk of the court of the county wherein the information was filed and entered at length in the records of said court, and, after such entry, be executed as in case of judgments on indictment."

It is quite apparent, under the above quoted sections, that Judge Coyle was empowered, in chambers in Humboldt County, to arraign the appellant and take his plea, and, in event that he filed a written plea of guilty, the judge had a right to pronounce sentence thereon.

Section 13672 provides that the record of such proceedings and judgment be returned to the office of the clerk of the district court of Pocahontas County, and therein filed and entered of record, with the same force and effect as if made and entered by the court in Pocahontas County. The judgment in the instant case was not entered without jurisdiction. As bearing on these questions, see *State v. Fortunski*, 200 Iowa 406.

The appellant further insists that the information is void because duplicitous, in that it charged more than one offense. To this complaint we have to say that a careful reading of the

3. INDICTMENT AND INFORMATION: duplicity: waiver. information shows that the intent of the county attorney in preparing the same was to charge appellant with the crime of maintaining a nuisance; and to such charge he pleaded guilty. Section 13655, Code of 1924, provides:

"The information shall be drawn and construed, in matter of substance, as indictments are required to be drawn and construed. All provisions of law applying to prosecutions on indictments * * * arraignments, pleadings, * * * and all other proceedings in cases of indictments, * * * shall in the same manner and to the same extent, as nearly as may be, apply to information and all prosecutions and proceedings thereon."

The claim of duplicity in an indictment cannot be raised for the first time on appeal. Further than this, the appellant

has his remedy against duplicity by a motion to quash or to elect. *State v. Von Kutzleben,* 136 Iowa 89.

We find no error in the record.—*Affirmed.*

EVANS, STEVENS, and MORLING, JJ., concur.