KOITH DAYTON, Petitioner, v. FRANK BECHLY, Judge, Respondent.

No. 41038.

MARCH 8, 1932.

E. S. Thayer, for petitioner.

Edwin Willcockson, County Attorney, for respondent.

KINDIG, J.—On May 29, 1929, the county attorney of Keokuk County prepared a county attorney's information, under section 13645 of the 1927 Code, charging Koith Dayton, the petitioner, with "wilfully and unlawfully transporting intoxicating liquor." Thereafter, on the same day, the county attorney and the petitioner, Koith Dayton, appeared before the respondent, the Honorable Frank Bechly, in Oskaloosa, at the courthouse in Mahaska County. Thereupon, the county attorney's information was presented to the respondent, who approved the same. The petitioner, in writing, pleaded guilty thereto and was sentenced by the respondent to "be imprisoned in the county jail of Keokuk County, Iowa, at hard labor for the term of six months and pay the costs of prosecution included in which is a fee of $50.00 for the county attorney, but during good behavior this sentence is suspended as to imprisonment, and during such suspension defendant is paroled into the custody of H. A. Beasley, who will report to the court as to the defendant's conduct."

Accordingly, the petitioner was at large under the aforesaid parole until March 24, 1931, when the respondent revoked the parole and suspension of sentence and ordered the sheriff of Keokuk County to arrest and confine the defendant in the county jail of said county for a period of six months, as provided in the original order, an excerpt from which is above set forth. Claiming that the respondent was without jurisdiction under the circumstances to revoke the parole and confine the petitioner, the latter obtained from a judge of this court a writ of certiorari commanding the respondent to certify and return fully to this court a transcript of the records and proceedings relating to the order of revocation and imprisonment.

I. It is contended by the petitioner that the respondent did not have jurisdiction or legal authority to act in the premises because the original sentence for the offense named was entered in Mahaska County during term time of the district court in Keokuk County, where the county attorney filed his

information. Such term time is distinguished by the petitioner from the vacation period of the court. As a basis for his argument, then, the petitioner declares he could be sentenced in Mahaska County only during the vacation period of Keokuk County District Court. Except during such vacation period, the petitioner insists that in view of the statute he could be sentenced under a county attorney's information only in Keokuk County.

Mahaska and Keokuk Counties are in the same judicial district, but, of course, they are separate and distinct governmental subdivisions of the state. Section 13645 of the 1927 Code, above mentioned, declares: .

"The county attorney may, at any time when the grand jury is not actually in session, file in the district court, *either in term time or in vacation*, an information charging a person with an indictable offense." (The italics are ours).

Koith Dayton, the petitioner, was charged with an indictable offense. When the county attorney of Keokuk County prepared and filed the aforesaid information, the grand jury of that county was not in session. However, it is insisted by the petitioner that the aforesaid county attorney's information was prepared, filed, and presented to the respondent in Mahaska County at and during a term of the district court of Keokuk County.

On April 16, 1929, the term of the Keokuk County district court in question was convened. That term was not adjourned *sine die* until on the first day of August, 1929, thereafter. This term of the Keokuk County district court was held, not by the respondent, but by the Honorable D. W. Hamilton, a Judge thereof. A recess during the aforesaid term of the Keokuk County district court was ordered by the Honorable D. W. Hamilton on May 23, 1929, to extend until June 11 of that year. It was during that recess period that the county attorney prepared and filed the information aforesaid, and the respondent accepted the petitioner's plea of guilty and sentenced him, as previously explained. Sections 13666 and 13667 of the 1927 Code provide respectively:

"13666. An accused prosecuted on information may, in vacation, be arraigned by any judge of the district court, and,

in vacation, be required to plead to the information before any such judge.''

· ''13667. ' Arraignments can be made and pleas required, in vacation, only before such judge sitting in chambers *at the usual place of holding court in the county in which the information was filed, or in any other county of the judicial district,* or in any county to which the cause may be sent on change of venue.'' (The italics are ours.)

If, then, the respondent sentenced the petitioner in Mahaska County during vacation as that term is contemplated by sections 13666 and 13667, above quoted, the proceeding was legal and valid. But, if the respondent's act in the premises was not performed during vacation as ·thus comprehended, the action would be without jurisdiction and wholly void. The chapter of the 1927 Code under consideration furnishes no specific definition of the word ''vacation.'' Consequently, it is necessary to look elsewhere for a definition.

▆▆ An argument is made for the respondent upon the theory that the recess period aforesaid constitutes a vacation as contemplated by the statutes above quoted. In support of that proposition, the respondent cites State v. Stevens, 67 Iowa 557; Thompson v. Benepe, 67 Iowa 79; State v. Van Auken, 98 Iowa 674; Denison v. Brotherhood of American Yeoman, 191 Iowa 698. Those cases hold in effect that ''vacation,'' as contemplated by the subject-matters there discussed (issuance of an injunction) may mean a period of recess during a term of court as distinguished from the interim between terms. When determining the meaning of the word ''vacation'' in legislation relating to the courts, much depends upon the surrounding circumstances and the purpose of the statute. To illustrate, it is said in Thompson v. Benepe (67 Iowa, 79), supra, reading on page 81:

''There cannot be, we think, a fixed and definite meaning given to the word 'vacation.' That it ordinarily means the time between terms is undoubtedly true. See Bouv. Law Dict. But whether this meaning should be given to the word in any particular instance depends upon the subject-matter, and the necessity which exists that some other meaning should be adopted.''

It is to be noted in the ·first place that the word ''vacation,'' as used in the legislation in connection with the courts,

ordinarily means, according to the Thompson case, ''the time between terms.'' Unless, then, there is some persuasive or necessary reason why that meaning does not apply to the term ''vacation'' used in the statute under consideration in the case at bar, we should adopt the usual and ordinary interpretation of the word. Thompson v. Benepe (67 Iowa 79), supra; Jones v. McClaughry, 169 Iowa 281.

The Jones case, supra, considered an analogous question under the very legislation involved in the case at bar. For the purpose of showing that the district court lacked jurisdiction, it was pleaded in the Jones case ''that the (district) court was not in session but judgment entered in vacation.'' During the discussion, reading on page 285 and 286, we said:

''It appears from the record that the October, 1913, term of court in and for Adams County convened at the time prescribed by the order of the judges. On October 28, 1913, the record shows that the 'court was declared in recess until further order.' There was no other session until a convening of court in the evening of November 8, 1913. It is argued that inasmuch as the adjournment was not to a day certain, the term lapsed as a matter of law. There is nothing in the Code so providing. On the contrary the fair inference is that the term of court commencing on the day fixed by law continues until it expires by reason of the commencement of another term in the same county or because of having been adjourned *sine die*. The adjournment from day to day or to some distant day is simply for convenience in the transaction of business. Such adjournments do not suspend the functions of the court, for it is common practice for the grand jurors to continue in session during the intermissions of court, and for petit juries to continue in deliberation and the court to receive verdicts during the recesses incident to the adjournment from day to day. These juries are part of the court, performing important functions, and the court does not suspend its functions so as to be able to protect juries and enforce proper conduct on their part. 'For all general purposes, the court is considered in session from the commencement to the close of its term.' ''

Likewise, this court, in the Jones Case (169 Iowa 281), supra, quoted with approval the following excerpt from Green

v. Morse, 77 N. W. (Neb.) 925, reading on page 289 of the Jones case:

" 'There is a marked distinction between an adjournment *sine die* of a term of court and those intermissions which inevitably occur during a term. A court has the inherent power during the term of suspending business, as occasion may require, from one hour or one day to another. In this respect there is no difference between an adjournment from one day to the next, and adjournment to a more distant day. In either case the term *continues, and while during the intermission, the functions of the court are for some purposes suspended, still the court remains in existence and it is still term time.*" (The italics are ours).

Again it is said in the Jones case (169 Iowa 281), supra, reading on page 292:

"If a prisoner chooses to plead between the regular sessions, the statute makes provision for this to be done in vacation."

By using the term "regular sessions" in the quoted sentence, the court undoubtedly intended to use the phrase "regular term" because throughout the discussion reference was made to term time. By the word "session," according to the context of the opinion in the Jones Case, the writer intended to describe the period of time embraced in regular "term time." Clearly the writer of that opinion did not say or even insinuate that "vacation" could occupy any period in "term time."

Following the Jones case, we said in Comes v. Comes, 190 Iowa 547, reading on page 548:

"The times the several terms of court begin are fixed by order (Section 232, Code Supp., 1913), and, in the absence of an adjournment *sine die* sooner, terminate when the next succeeding term begins."

In the Comes case, last cited, the Jones case, previously mentioned, was again followed. Therefore this court has definitely determined, when considering the legislation in question, that "term time" includes a recess period and "vacation" means the interim commencing immediately after one term time

and ending at the commencement of the next. Jones v. Mc-Claughry (169 Iowa 281), supra.

This conclusion is strengthened by the phraseology of section 13645 of the 1927 Code, above quoted. Under that section "the county attorney may, at any time when the grand jury is not actually in session, file in the district court, *either in term time or in vacation,* an information charging a person with an indictable offense." Two periods are definitely involved in that legislation. One is "in term time" and the other is "in vacation." The period embraced within the phrase "in term time" does not include the time involved "in vacation." Obviously the one period is set off against the other in this legislation. That conclusion is consistent with and embraces the theory of Jones v. McClaughry (169 Iowa 281), supra. Throughout the legislation when "term time" and "vacation" are mentioned, reference necessarily must be to section 13645, wherein the two periods are first definitely named and contrasted.

Whatever may be said by this or foreign courts under other facts and circumstances, cannot alter the situation so far as this particular chapter of the law is concerned, because, as before suggested, in each instance a definition for the word "vacation" must be found after considering the facts, circumstances, purposes, and necessity of the legislation. Here, however, there is nothing to indicate that the legislature by using the term "vacation" meant anything except that period after "term time." So, when it is said in section 13667, supra, that a Judge in vacation, sitting in chambers, may arraign and require the defendant to plead to the county attorney's information not only in the county where the information was filed; but also "in any other county of the judicial district," reference is made to that period of time not included within the phrase "term time." Jones v. McClaughry (169 Iowa 281), supra.

As a result of this conclusion, it is apparent that the respondent acted without jurisdiction when sentencing the petitioner, and therefore that action is null and void. When the respondent sentenced the petitioner, it was not vacation time in the Keokuk County district court, but rather term time thereof. Because it was not "vacation time," the respondent would have no jurisdiction in the premises, and the petitioner could not, by pleading guilty to the county attorney's information, confer

1312

jurisdiction upon the respondent. See State v. Rime, 209 Iowa 864. During term time in Keokuk County, the petitioner could have been sentenced under the county attorney's information by the district court. Jones v. McClaughry (169 Iowa 281), supra. There is no provision in the statute indicating that the jurisdiction of the respondent can be conferred by agreement upon a Judge sitting at the usual place of holding court in Mahaska County, while it is still term time in Keokuk County. Every inference in the legislation in question is to the contrary. Nor do sections 13659 and 13660 of the statute provide for a waiver of the jurisdictional defects of which complaint is now made. These sections do not refer to arraignments or pleas, provided for in sections 13666 and 13667, previously mentioned. Then, so far as the original judgment sentencing the petitioner is concerned, the respondent had no jurisdiction and acted in the premises without legal authority. Therefore, the alleged judgment sentencing the petitioner in Mahaska County is null, void, and of no effect. This being true, the respondent had no jurisdiction, power, or legal right to order the petitioner's arrest and his confinement in jail under the said original judgment, which was void because entered without jurisdiction or legal authority. Without a valid, original judgment as a basis for the arraignment and sentence of the petitioner, the respondent had no jurisdiction or legal authority to revoke the alleged parole and order the arrest and imprisonment of the petitioner. This alleged original judgment in the instant case was void, as before demonstrated, and therefore there was no judgment in fact under which to arrest or imprison the petitioner. Resultantly the respondent, when ordering the arrest and imprisonment of the petitioner, acted without jurisdiction or legal authority, and the writ of certiorari must be sustained. Section 12456, 1927 Code.

■ II. Regardless of the fact that the respondent was without jurisdiction in the premises, he argues that a writ of certiorari will not lie because more than twelve months have elapsed since the illegal and void act was committed. Section 12467 of the 1927 Code contains the following limitation:

"No writ shall be granted after twelve months from the time it is alleged the inferior court, tribunal, board, or officer exceeded its or his jurisdiction, or otherwise acted illegally."

As before explained, the respondent sentenced the petitioner on May 29, 1929. That was the act first done without jurisdiction or legal authority. The order revoking the parole and setting aside the suspension of sentence was entered March 24, 1931, and this is the second act of the respondent done without jurisdiction or legal authority. While it is true that more than twelve months have elapsed since the sentence was imposed on May 29, 1929, yet such period has not transpired since the order of revocation, arrest, and imprisonment on March 24, 1931. In that order the respondent commanded the clerk of the Keokuk County district court to issue a mittimus directing the sheriff to arrest and incarcerate the petitioner in jail under the original sentence. Because of the facts and circumstances previously recited, such order of arrest and commitment was without legal authority and wholly beyond the jurisdiction and power of the respondent. Hence twelve months have not elapsed since the respondent exceeded his jurisdiction and acted illegally so far as the last transaction is concerned. Manifestly, then, the statute of limitations does not bar the certiorari proceedings in this case.

Other matters are argued, but because of the disposition made of the case, it is not necessary to consider them.

Wherefore, the writ of certiorari is sustained and the order of the Honorable Frank Bechly annulled.—Writ sustained, Order of Respondent Judge annulled.

EVANS, ALBERT, STEVENS, DE GRAFF, and GRIMM, JJ., concur.