Louis BURRY, Appellant, v. GLENN C. HAYNES et al., Appellees.

RICHARD DWIGHT RINGLER, Appellant, v. GLENN C. HAYNES et al., Appellees.

No. 46211.

1210

F<small>EBRUARY</small> 16, 1943.

Hatter & Hatter and F. Paul Harned, all of Marengo, for appellants.

John M. Rankin, Attorney General, and Jens Grothe, Assistant Attorney General, for appellees.

M<small>ILLER</small>, J.— The submission herein consists of two appeals that have been argued and submitted together. One appeal challenges the court's decision, which annulled a writ of habeas corpus that had been issued on petition of Louis Burry. The other appeal challenges a similar decision regarding a writ that had been issued on petition of Richard Dwight Ringler. Ringler's

appeal involves exactly the same question as Burry's and an additional question. The trials were had primarily upon record evidence which was not disputed. We will review the record in Burry's case first.

On September 12, 1938, an information was filed at Sigourney, in the office of the clerk of the district court of Keokuk county, as follows:

"Comes now Ralph H. Goeldner, as the County Attorney of Keokuk County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Louis Burry of the crime of entering a Bank with intent to rob and charges that the said Louis Burry on or about the 1st day of September A. D., 1938 in the County and State aforesaid did unlawfully, willfully and feloniously enter the Hedrick Savings Bank at Hedrick, Keokuk County, Iowa, with the intent to hold up and rob said Bank and did take, steal, rob and carry away $1210.00 of United States Currency belonging to said Bank, contrary to and in violation of Section 13002 of the 1935 Code of Iowa.

Ralph H. Goeldner,<br>County Attorney<br>by Robert J. Shaw."

The information was verified as follows:

"STATE OF IOWA, Keokuk County, ss: I, Ralph H. Goeldner, being duly sworn, do depose and say that I am the County Attorney of Keokuk County, Iowa; that I have made a full and careful investigation of the facts upon which the above charge is based, and that the allegations contained in the above and foregoing instrument are true as I verily believe. Ralph H. Goeldner, by Robert J. Shaw.

"Subscribed and sworn to by Robert J. Shaw, before me, the undersigned, this 12 day of September, A. D. 1938. Margery Snakenberg Deputy Clerk of the District Court."

Previously on the same day the board of supervisors of Keokuk county had adopted a resolution as follows:

"Be it resolved by the Board of Supervisors of Keokuk County, Iowa by the authority of Section 5243 of the Code of

Iowa, Robert J. Shaw of Sigourney, Iowa, is employed for the State of Iowa and County of Keokuk in the prosecution in the cases of State of Iowa vs. Louis Lawrence Burry, State of Iowa vs. Richard Ringler, State of Iowa vs. William McDonald and State of Iowa vs. Norma McDonald, who are charged with violation of Section 13002 of the Code of Iowa.''

The information was presented to Judge Bechly, presiding judge, and was approved by him. Defendant Burry appeared to the information, entered a plea of guilty, waived time, was sentenced to life imprisonment, and is now serving such sentence.

The record in Ringler's case is, to all intents and purposes, the same as in Burry's case except that Ringler entered a written plea of guilty before Judge Bechly at Washington, Iowa. The record in reference to this latter feature of Ringler's case will be referred to later.

I. The only error assigned in Burry's case is also assigned in Ringler's case. Counsel assert that, in each case, the court erred in annulling the writs because each information ''was void for the reason that it was not promulgated and signed by the County Attorney of Keokuk County, Iowa, or by a Deputy or Assistant County Attorney, or by any Attorney appointed by the Court to act as County Attorney in the absence, sickness, or disability of the County Attorney, but on the contrary was promulgated, signed, and verified by a private citizen, one Robert J. Shaw.'' Appellants assert that Shaw's appointment by the board of supervisors to participate in the case was made, according to its express terms, pursuant to section 5243, Code, 1935, and that this statute is insufficient to confer authority to make an appointment that would authorize Shaw to sign the information in the name of the county attorney.

Section 5243, Code, 1935, provided as follows:

''The county attorney may with the approval of a judge of the district court procure such assistants in the trial of a person charged with felony as he shall deem necessary and for such assistants upon presenting to the board of supervisors a certificate of the district judge before whom said cause was tried, certifying to the services rendered, shall be allowed a

reasonable compensation therefor, to be fixed by the board of supervisors, but nothing in this chapter shall prevent the board of supervisors from employing an attorney to assist the county attorney in any cause or proceeding in which the state or county is interested.''

This statute was originally enacted in 1886 as section 4, chapter 73, Acts of the Twenty-first General Assembly. The later changes in the statute do not affect the question now presented to us. Upon that proposition the statute is practically word for word as originally enacted. In the early case of Hopkins v. Clayton County, 32 Iowa 15, we held that, under a statute reading much like the last clause of the present statute, the board of supervisors might employ an assistant district attorney. The power of the board of supervisors to employ special counsel was reaffirmed in Jordan & McCallum v. Osceola County, 59 Iowa 388, 13 N. W. 344, and Seaton v. Polk County, 59 Iowa 626, 13 N. W. 725.

In speaking of implied powers of the board in civil cases, we state in Taylor County v. Standley, 79 Iowa 666, 670, 44 N. W. 911, 912, as follows:

''We are of the opinion that the board of supervisors was authorized to employ counsel on behalf of the county by virtue of the general powers given them by statute to manage the affairs of the county, and that their right to do so, and to cause proceedings to be instituted in the name of the county, in cases of this kind, does not depend upon the consent of the county attorney, nor upon his willingness or ability to appear for the county.''

We have also held that it is proper for the court to permit an attorney to assist the county attorney who is not employed by the board of supervisors and is not a deputy county attorney but is a private prosecutor. State v. Shinner, 76 Iowa 147, 148, 40 N. W. 144. In the case of State v. Shreves, 81 Iowa 615, 623, 624, 47 N. W. 899, we held that the enactment of the statute now before us did not change this rule. These cases were expressly followed in State v. Crafton, 89 Iowa 109, 116, 56 N. W. 257.

In view of the fact that the enactment of the statute now before us did not change the law in reference to the right of the court to permit a prosecuting witness to employ counsel to assist the county attorney in the trial of a criminal case, we are satisfied that the enactment of such statute did not take away the right of the board of supervisors to employ a special prosecutor for a criminal case. The last clause of the statute as it now reads preserves that right to the board. It applies to any cause wherein the state or county is interested, civil or criminal. It is applicable herein. Accordingly, Robert J. Shaw was not an intermeddling private citizen. He was a special prosecutor, duly appointed by the board of supervisors to represent the county and the state in the prosecution of the criminal cases against the appellants herein. When the court approved the informations, it permitted Shaw to act as assistant county attorney.

Section 13674, Code, 1935, indicates that an information should be signed by the county attorney. It provides: "Information shall be, substantially, in the following form: * * *". The form which follows contains a blank line for the signature of the county attorney. This statute is directly analogous to section 4297, Code, 1873, which set forth the form of an indictment and indicated a signature by the district attorney thereto. In the case of State v. Ruby, 61 Iowa 86, 87, 88, 15 N. W. 848, we held that the signature of the county attorney was not indispensable to the validity of the indictment. Such pronouncement was expressly followed in State v. Wilmoth, 63 Iowa 380, 381, 19 N. W. 249; State v. Kovolosky, 92 Iowa 498, 501, 61 N. W. 223; and State v. Mathews, 133 Iowa 398, 399, 109 N. W. 616. Section 13655, Code, 1935, provides: "The information shall be drawn and construed, in matter of substance, as indictments are required to be drawn and construed." Applying this language to our interpretation of the informations herein, the signing of the county attorney's name thereto by Shaw did not deprive the court of jurisdiction to accept pleas of guilty thereon.

Section 13646, Code, 1935, did require the county attorney's signature to an endorsement to the information. It provided as follows: "Such information shall be indorsed, 'a true information', which indorsement shall be signed by the

county attorney." And section 13649 required a verification by the county attorney. But section 13659 provided: "A motion to set aside the information may be made on one or more of the following grounds: 1. When it is not indorsed 'a true information', and the indorsement signed by the county attorney. * * * 4. When the information has not been verified or filed in the manner herein required." And section 13660 provided: "Such motion must be made before a plea is entered by the accused. If not so made, the objection shall be deemed waived."

In the case of State v. Voss, 201 Iowa 16, 206 N. W. 292, the endorsement required by section 13646, Code, 1924 (identical with that of the Code, 1935), was not signed by anyone. We held that, pursuant to sections 13659 and 13660, Code, 1924 (identical with statutes of similar number in Code, 1935), the defect was waived by a plea of guilty. See, also, State v. Fortunski, 200 Iowa 406, 204 N. W. 401. In addition to this, section 13657, Code, 1935, provided:

"Wherever the words county attorney appear in this chapter, the same shall be construed to mean county attorney or the assistant county attorney."

Under our statutes as interpreted by our decisions, any irregularity in the signature, verification, and filing of the two informations by Robert J. Shaw, acting as assistant county attorney, was waived by the pleas of guilty herein. The court was right in so holding. Appellants contend, however, that the question has never been previously determined by this court and they cite a number of decisions from other jurisdictions. Such contention narrows the question too much. We are satisfied that the statutes of this state and the decisions of this court are controlling. A reversal would require us to overrule decisions which we think are sound and to modify statutes by interpretations amounting to judicial legislation. This we will not do. Accordingly, we do not prolong this opinion to discuss and distinguish the decisions from other jurisdictions relied upon by appellants.

II. The foregoing disposes of Burry's appeal. In Ringler's case, additional assignments of error are asserted be-

1216

cause of the fact that Ringler's judgment was signed at Washington upon a written plea of guilty. Later the written plea was filed and the judgment was entered at Sigourney. Washington and Sigourney are in the same judicial district, of which Judge Bechly was one of the district judges. The facts are in dispute and the dispute arises because of the manner in which the record was made.

The information against Ringler was marked filed by the clerk of the district court of Keokuk county at 2:56 p. m. September 12, 1938. Judge Bechly's approval thereof and Ringler's written plea of guilty bear the same date. The judgment entry, of the same date, recites that Ringler appeared before Judge Bechly in chambers at Washington, presented his written plea of guilty, waived appointment of attorneys, waived time, and sentence was imposed. The record of proceedings at Sigourney recited that previously, on September 8, 1938, "the Bailiff by an order of the Judge, adjourns court until 9:00 o'clock A. M. on the 12th day of September, 1938." The record further recited: "And now on this 12th day of September, 1938, at 9:00 o'clock A. M. court met pursuant to adjournment with same officers as at commencement of term, when were had, done and entered of record the following proceedings, to-wit:" Then follows the judgments against Burry and Ringler and the record recites: "And now at 5:00 o'clock on this 12th day of September, 1938, the Bailiff, by an order of the Judge, adjourns court until 9:00 o'clock A. M. on the 16th day of September, 1938." This record was approved by Judge P. J. Siegers on September 16, 1938.

Thereafter, on June 20, 1942, a nunc pro tunc order was entered by Judge Bechly correcting the foregoing record of proceedings at Sigourney on September 12, 1938, to read as follows: "And now on this 12th day of September, 1938, at 4:00 o'clock P. M. court met pursuant to adjournment with same officers as at commencement of term, when were had, done and entered of record, the following proceeding, to-wit:" Then follow the judgment entries on appellants' pleas of guilty herein.

Ringler objected to the introduction in evidence of the

nunc pro tunc correction of the record and assigns error here on the ground that Judge Bechly was without jurisdiction to change and impeach the record made during the April 1938 term, after said term, because the record did not disclose any evident mistake on the face thereof. Error is also assigned on the ground that Judge Bechly had no jurisdiction to pronounce sentence at Washington on a Keokuk county information when the court at Sigourney was not in recess or vacation.

Reliance is had upon the case of Dayton v. Bechly, 213 Iowa 1305, 241 N. W. 416. That was an original proceeding in certiorari. Dayton had been charged by information filed in Keokuk county. The information was approved by Judge Bechly at Oskaloosa, in Mahaska county, which is in the same judicial district. Upon a plea of guilty, the accused was sentenced forthwith at Oskaloosa. We held that, under the statutes as they then read, sentence could be thus imposed only during vacation, stating (213 Iowa at pages 1311 and 1312, page 419 of 241 N. W.) as follows:

"As a result of this conclusion, it is apparent that the respondent acted without jurisdiction when sentencing the petitioner, and therefore that action is null and void. When the respondent sentenced the petitioner, it was not vacation time in the Keokuk County district court, but rather term time thereof. Because it was not 'vacation time,' the respondent would have no jurisdiction in the premises, and the petitioner could not, by pleading guilty to the county attorney's information, confer jurisdiction upon the respondent. * * * There is no provision in the statute indicating that the jurisdiction of the respondent can be conferred by agreement upon a Judge sitting at the usual place of holding court in Mahaska County, while it is still term time in Keokuk County. Every inference in the legislation in question is to the contrary."

Since the foregoing pronouncement was made, chapter 187 of the Acts of the Forty-fifth General Assembly amended section 13671, Code, 1931, to read as in the 1935 Code, to wit:

"Judgments in vacation, *or during a recess of the court,* can only be rendered by a judge of the district court sitting in

chambers at the usual place of holding court in the county where the information was filed, or in any other county of the judicial district, or in any county to which the cause may be transferred on change of venue.'' (Italics supplied.)

The same chapter also amended section 13669, Code, 1931, to read as in the 1935 Code, to wit:

''Judgments may be rendered in vacation *or during a recess of the court,* on written pleas of guilty of the offense charged, or of any degree or grade thereof, or of any offense included therein, with the same force and effect as though rendered in term time.'' (Italics supplied.)

The foregoing statute is followed by section 13670, Code, 1935, to wit:

''Said written plea of guilt, together with the judge's entry of judgment in reference thereto, shall be forthwith filed with the clerk of the court of the county wherein the information was filed and entered at length in the records of said court, and, after such entry, be executed as in case of judgments on indictment.''

Appellant Ringler contends, however, that Dayton v. Bechly, supra, interpreted section 13667, Code, 1931, which read the same in the 1935 Code, to wit:

''Arraignments can be made and pleas required, in vacation, only before such judge sitting in chambers at the usual place of holding court in the county in which the information was filed, or in any other county of the judicial district, or in any county to which the cause may be sent on change of venue.''

Appellant contends that section 13667 controls as to arraignments and that an arraignment can be had in another county of the district only in vacation. But section 13770, Code, 1935, permitted waiver of arraignment and the written plea of guilty expressly waived it. Section 13671, Code, 1935, applicable to judgments on informations, permits a judgment during recess at any county seat in the district. Sections 13669 and 13670 provide for recording and enforcing judgments rendered during recess on written plea of guilty and are broad

enough to include a judgment on written plea of guilty rendered in another county. Judgment on a written plea of guilty could be rendered during recess at any county seat in the district. Accordingly, if the court at Sigourney was in recess when Judge Bechly signed the judgment on Ringler's written plea of guilty at Washington, Judge Bechly acted within the jurisdiction provided by the 1935 Code.

■ This brings us to the nunc pro tunc order of June 20, 1942. The order was entered after notice to appellant. Hearing was had, at which hearing appellant was represented by the same counsel that now appear for him. The sufficiency of the evidence to justify the correction of the record is not challenged. We have held repeatedly that, in a proper case for correcting the record nunc pro tunc, the lapse of time is no obstacle. Arnd v. Poston, 199 Iowa 931, 933, 203 N. W. 260, 261, and cases cited therein. The only question remaining is whether the mistake appears on the face of the record sufficiently to come within the provisions of section 10803, Code, 1939, to wit: ''Entries made and signed at a previous term can be altered only to correct an evident mistake.''

In the case of State v. Frey, 206 Iowa 981, 984, 221 N. W. 445, 447, the judgment recited that defendant's motion for new trial and in arrest of judgment was sustained, and then proceeded to impose sentence of confinement for ten years. At a subsequent term the court corrected the judgment to show that the motion for new trial, etc. was overruled. We held that the correction was proper, stating as follows:

''The mistake appearing is an evident mistake, within the meaning of the aforesaid statute; for the court pronounced judgment committing the defendant to the reformatory, and it is apparent, or evident, that such commitment would not have been made, had he sustained the motion for new trial and in arrest of judgment.''

The situation herein is analogous. Counsel contend that the journal entry of the proceedings had on September 12, 1938, shows on its face that the judgment, which recited that it was signed at Washington, was void because court was in session from 9:00 a. m. to 5:00 p. m. at Sigourney. But the presumption is

that the proceedings were regular. State v. Hartwick, 228 Iowa 245, 253, 290 N. W. 523. It is evident from the face of the record that a mistake occurred. The evidence established that the judgment was valid because court was in recess. The correction was proper nunc pro tunc.

Appellant contends that the record fails to show when Judge Bechly signed the judgment at Washington. This does not aid him. It was his duty to have the record show the error, if an error occurred. The record shows that the court at Sigourney was in recess until 4:00 p. m. on September 12, 1938. In the absence of any showing, it will be presumed that the action taken at Washington on that day occurred while the court at Sigourney was in recess.

The challenge here made, in each proceeding in habeas corpus, constitutes a collateral attack upon the convictions of bank robbery. Such attack must stand upon a defect so vital as to render the conviction void. Nothing of that kind appears herein. The causes are—Affirmed on both appeals.

All JUSTICES concur.