STATE OF IOWA, appellee, v. JERRY LEWIS McCOY, appellant.

No. 49461.

(Reported in 92 N.W.2d 146)

SEPTEMBER 16, 1958.

Tacy & Woolsey, of Council Bluffs, for appellant.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, Matt Walsh, County Attorney, and Charles Roe, Assistant County Attorney, for appellee.

HAYS, J.—Defendant entered a plea of guilty to a County Attorney's Information charging him with the crime of "Breaking and Entering." Judgment, as provided by statute, was entered and he appeals.

Two errors are assigned.

I. It is claimed, "The Court erred by signing its approval to the True Information in accordance with the provisions of Section 768.7 [769.3], Code of Iowa, 1954, in the absence of the signature of the County Attorney 'A True Information'."

The record before this court is very brief. While it appears that the County Attorney may not have signed his name on the dotted line under the words "A True Information", it clearly appears that attached to the Information is a jurat, signed by the County Attorney, to the effect that the allegations contained therein are true. As above stated, defendant entered · a plea of guilty. Irregularities, if any, in the Information were waived. State v. Fortunski, 200 Iowa 406, 204 N.W. 401; Burry v. Haynes, 232 Iowa 1209, 7 N.W.2d 914. In argument, appellant refers to the ineffective assistance of counsel in not raising this issue before a plea was entered. No such error is assigned nor does the record give support thereto, except that it does appear that this issue was not raised.

II. Error is asserted, "in failure to record the allocution in the Judgment Entry."

No such allocution does appear of record but neither does the record show that defendant was not fully advised as required by section 789.6, Code of 1954. The record being silent, we will presume that in pronouncing sentence the court below observed the law. State v. Wood, 17 Iowa 18; 113 A. L. R. 821, 837.

Finding no error, the judgment is affirmed.—Affirmed.

All JUSTICES concur except LINNAN, J., who takes no part.